**DYKEMA GOSSETT LLP**
JOHN L. VIOLA, SBN: 131407
jviola@dykema.com
ALEX W. CRAIGIE, SBN: 167766
acraigie@dykema.com
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
MICHAEL MCKELVEY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE VALOIS,<br><br>Plaintiff,<br><br>vs.<br><br>SKYWEST AIRLINES, a corporation;<br>MICHAEL MCKELVEY, an individual,<br><br>Defendants. | Case No. CV10-02030 RGK (JCx)<br><br>**DEFENDANT MCKELVEY'S MOTION IN LIMINE NO. 11 TO PRECLUDE USE OF THE TERM "RAPE" AT ANY TIME IN PRESENCE OF JURY**<br><br>Trial Date: August 9, 2011<br>Time: 9:00<br>Place: Courtroom 850 |

Defendant Michael McKelvey ("McKelvey") respectfully moves this Court, *in limine*, to preclude, at any time in the jury's presence, use of the term "rape"[1] to describe or otherwise refer to McKelvey's alleged interactions with plaintiff Denise Valois ("Plaintiff").

## I.    INTRODUCTION

In her action against Defendants McKelvey and SkyWest Airlines, Inc. ("SkyWest"), Plaintiff alleges she was the victim of sexual harassment, sexual assault and battery. McKelvey denies he harassed or had any physical contact with Plaintiff whatsoever.

---

[1] This motion is intended to seek preclusion, not only of the term "rape," but also of any derivative thereof, such as "rapist."

It is anticipated that Plaintiff may attempt to refer to or describe alleged sexual relations with McKelvey using the term "rape." Any such use of the term would be overly prejudicial to McKelvey and should be precluded. This motion asks this Court to issue an *in limine* ruling precluding Plaintiff from using the term "rape" at any time in the presence of the jury. First, there is no evidence that any of McKelvey's alleged conduct towards Plaintiff constitutes rape. Second, the term "rape" is an inflammatory term that describes reprehensible criminal conduct and its use in this trial would unduly prejudice the jury against McKelvey.

## II. ARGUMENT

### A. The Evidence At Trial Will Not Support The Use of The Term "Rape" To Describe McKelvey's Conduct.

The evidence to be introduced at trial will make the use of the term "rape" inaccurate to describe any actionable conduct by McKelvey toward Plaintiff.

#### 1. No *Intercourse* Within Statute of Limitations Period.

Pursuant to the Judicial Council of California Criminal Jury Instructions, the elements of the crime of rape include, in part, that (1) the defendant had sexual intercourse with a woman; (2) the woman did not consent to the intercourse; and (3) the defendant accomplished the intercourse by one or more of the following means:

- force, violence, duress (a direct or implied threat of force, violence, danger or retribution), menace (a threat, statement or act showing an intent to injure someone), or fear of immediate and unlawful bodily injury to the woman or to someone else;
- threatening to retaliate (kidnap, falsely imprison, or inflict extreme pain, serious bodily injury, or death) in the future against the woman or someone else where there was a reasonable possibility that the defendant would carry out the threat;
- threatening to incarcerate, arrest, or deport someone.

Sexual intercourse is defined as "*penetration*, no matter how slight, of the vagina or genitalia by the penis." CALCRIM No. 1000 (emphasis added). While this is not a criminal case, these elements are consistent with the dictionary definition of the word.[2]

Only conduct which allegedly occurred *after* March 19, 2008 will be admissible to support Plaintiff's cause of action for sexual assault and battery.[3] This is because the statute of limitations on this claim is two (2) years (Cal.Civ.Proc. Code §335.1), and Plaintiff filed her complaint against McKelvey on March 19, 2010. Plaintiff does not claim that she and McKelvey had sexual intercourse at any time after March 19, 2008. Plaintiff testified in her deposition as follows:

"Q    When was the last time that you had sex with Mike?

A    I believe it was in October or November of '07. I don't recall exactly the date.

Q    I want to clarify a little bit. So what you've just referred to, which occurred in October or November of '07, was the last time you actually had sexual intercourse with Mike?

A    Yes, I did."[4]

Because Plaintiff is time-barred from claiming that any contact occurring before March 19, 2008 constituted sexual assault and battery, and because Plaintiff testified under oath that no act of sexual intercourse occurred anytime *after* that date, it would be factually incorrect if Plaintiff, her counsel or witnesses used the term "rape" at any time in the presence of the jury.

### 2. No "Rape" Ever Occurred.

---

[2] Webster's *Ninth New Collegiate Dictionary* defines "rape" as "sexual intercourse with a woman by a man without her consent and chiefly by force or deception . . ."

[3] McKelvey's motion in limine no. 10 asks this Court to exclude evidence of alleged physical contact occurring prior to March 19, 2008 on the grounds that Plaintiff cannot, based on the applicable statute of limitations, recover for any instance of sexual assault and battery occurring before this date.

[4] Deposition of Denise Valois, Vol. III, p.370, lines 13-21 (Exhibit 7 to Craigie Declaration in Support of Motions in Limine).

Even if Plaintiff was not time-barred from reaching back into incidents of alleged sexual intercourse that occurred prior to March 19, 2008, the conduct alleged by Plaintiff does not constitute "rape" as that crime is defined above. Although Plaintiff classifies most of the sexual intercourse she allegedly had with McKelvey prior to March 19, 2008, as "non-consensual,"[5] this was not because McKelvey *forcibly* copulated with her, or threatened to retaliate against her if she refused sex, which is required if she sought to prove McKelvey committed the crime of rape. Instead, Plaintiff has admitted several times under oath that she viewed the alleged sex acts as nonconsensual because she expected a romantic relationship to form between Plaintiff and McKelvey and, instead, the alleged "relationship" remained purely sexual.[6] This is not rape. To consent to intercourse with McKelvey, Plaintiff need only to have acted freely and voluntarily and to have known the nature of the act. CALCRIM No. 1000.

It is further probative that Plaintiff never summoned the police after any alleged intercourse with McKelvey. She never charged him with rape. As such, there has never been a finding of guilt for this crime. Unless and until such a finding is made,[7] it would be absolutely inaccurate to permit Plaintiff and her counsel to throw around the term "rape" in the presence of the jury, or at all.[8]

**B. The Court Should Preclude The Term "Rape" Because It Is Inflammatory, Inherently Prejudicial, Factually Inaccurate And Misleading.**

---

[5] With the exception of at least one alleged encounter, in Plaintiff *admits* she propositioned McKelvey and specifically asked him to have sex with her.

[6] Again, McKelvey denied he *ever* had sex, or even physical contact, with Plaintiff.

[7] There is no criminal complaint or investigation pending.

[8] McKelvey's concern about Plaintiff's counsel's potential for misuse of this term is real. During one session of Plaintiff's deposition, Plaintiff's counsel loudly called McKelvey a "rapist" in a conference room in the presence of McKelvey and SkyWest's counsel. (See Declaration of Alex W. Craigie, in Support of Motions in Limine, para. 10). It was purely fortuitous that no third parties heard Mr. Friedman's outburst. Thus, the risk is very real that Plaintiff's counsel will freely use this wildly pejorative term in the presence of the jury unless the Court issues a prohibitive ruling.

Courts have repeatedly precluded, under Fed.R.Evid. 403, the use of terms which are inherently inflammatory and which carry a substantial danger of unfair prejudice and/or misleading the jury. *See, Cotton v. City of Eureka*, 2010 WL 5154945, *11 (N.D. Cal.) (precluding inflammatory terms such as "rape," "pummeled," and "beat into submission"); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 2009 WL 3111766, *7 (S.D.N.Y.) (precluding term "tax haven"); *Continental Ins. Co. v. Roberts*, 2008 WL 5504513, *1 (M.D. Fla.) (precluding terms/phrases "convicted felon," "tax evader," "money launderer").

Fed.R.Evid. 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In *Cotton, supra*, the court excluded the defendant's statement, uttered during his arrest, that he did not rape his daughter. *Id.*, at *11. The court concluded that the introduction of such a highly inflammatory remark could mislead or confuse the jury regarding whether the defendant was implicated in a sexual assault on his daughter. *Id.* The same danger exists here, where the jury could be misled or confused regarding whether McKelvey raped Plaintiff, of which there is no evidence, and whether he sexually assaulted her, which he disputes.

"Prejudice is 'unfair' when it will excite a jury to make a decision on the basis of a factor unrelated to the issues properly before it." *Glover*, 178 F.Supp.2d at 632. Here, use of the term "rape" would undoubtedly result in unfair prejudice to McKelvey because the jury might conclude that he is a violent criminal capable of committing violent sexual crimes against women. Use of the term during trial would likely put McKelvey in the position of defending Plaintiff's allegations against him before jurors who have already decided that he is a "rapist" and, therefore, he must have sexually assaulted and battered her. This pre-judging of a defendant is the

essence of unfair prejudice. Use of the term "rape" by parties, attorneys or witnesses in the presence of the jury should be prohibited.

## CONCLUSION

For the foregoing reasons, McKelvey respectfully requests the Court issue an *in limine* ruling prohibiting parties, attorneys or witnesses from using the term "rape" at any time in the presence of the jury.

Dated:  June 24, 2011            DYKEMA GOSSETT LLP


By: *Alex W. Craigie*
John L. Viola
Alex W. Craigie
Attorneys for Defendant
MICHAEL MCKELVEY

PAS01\207953.1
ID\AWC - 101360/0003

# PROOF OF SERVICE

*Denise Valois. v. SkyWest Airlines; Michael McKelvey*
USDC Central District of California, Case No. CV10-02030 RGK (JCx)

I am over the age of 18 and not a party to the within action. I am employed in the County of Los Angeles, State of California by Dykema Gossett LLP. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On June 24, 2011, I served the foregoing document described as **DEFENDANT MCKELVEY'S MOTION IN LIMINE NO. 11 TO PRECLUDE USE OF THE TERM "RAPE" AT ANY TIME IN PRESENCE OF JURY** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**Patricia Stambelos, Esq.**
SKYWEST AIRLINES
444 South River Road
St. George, UT 84790
Telephone: (818) 584-0011
Facsimile: (805) 277-3598

Patricia.stambelos@skywest.com

*Associate Counsel for Defendant*
*SKYWEST AIRLINES*

**Phyllis Kupperstein, Esq.**
PAYNE & FEARS, LLP
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone: (213) 439-9911
Facsimile: (213) 439-9922

pk@paynefears.com

*Lead counsel for defendant*
*SKYWEST AIRLINES, INC.*

☒ **BY MAIL**: I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

☐ **(BY ELECTRONIC MAIL)** By consent of recipients listed on the attached service list, I caused the above-named document to be served via e-mail.

☒ **BY ELECTRONIC SERVICE**: By E-filing and transmission of the above-listed document on all parties via the CM/ECF system with the U.S. District Court, Central District of California.

☐ **BY FACSIMILE**: I caused the attached documents to be transmitted to the interested party in this action by faxing a true copy from facsimile telephone number (213) 457-1850. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

☐ **BY PERSONAL SERVICE**: I delivered such envelope by hand to the offices of the addressee.

☐ **BY OVERNIGHT COURIER**: Via Federal Express.

☒ (Federal) I declare that I employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 24, 2011, at Los Angeles, California.

*Sharon Bise*
Sharon Bise

PAS01\170959.1
ID\SBII - 101360/0003