**DYKEMA GOSSETT LLP**
JOHN L. VIOLA, SBN: 131407
*jviola@dykema.com*
ALEX W. CRAIGIE, SBN: 167766
*acraigie@dykema.com*
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone:  (213) 457-1800
Facsimile:   (213) 457-1850

Attorneys for Defendant
MICHAEL MCKELVEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE VALOIS,<br><br>Plaintiff,<br><br>vs.<br><br>SKYWEST AIRLINES, a corporation; MICHAEL MCKELVEY, an individual,<br><br>Defendants. | Case No. CV10-02030 RGK (JCx)<br><br>**DEFENDANT MCKELVEY'S MOTION IN LIMINE NO. 12 TO PRECLUDE EVIDENCE OF (1) MCKELVEY'S LITIGATION HISTORY, AND (2) RECORDS OF PENAL AND VEHICLE CODE VIOLATIONS**<br><br>Trial Date:   August 9, 2011<br>Time:         9:00<br>Place:        Courtroom 850 |

Defendant Michael McKelvey ("McKelvey") respectfully moves this Court, *in limine*, to preclude evidence of or reference to, at any time in the jury's presence, to (1) any lawsuits to which McKelvey has been a party and (2) to any prior convictions for violations of the penal and/or vehicle code.

## I.   INTRODUCTION

In her action against Defendants McKelvey and SkyWest Airlines, Inc. ("SkyWest"), Plaintiff alleges she was the victim of sexual harassment, sexual assault and battery. McKelvey denies he harassed or had any physical contact with Plaintiff whatsoever.

It is anticipated that Plaintiff will attempt to introduce evidence of, or otherwise refer to, prior lawsuits to which McKelvey has been a party and to prior convictions for violations of the penal and/or vehicle code. For example, During McKelvey's deposition, Plaintiff's counsel questioned whether McKelvey had been a party to any prior lawsuits. McKelvey identified two lawsuits, one involving a dispute with an ex-girlfriend over the payment of a credit card bill and the other involving a dispute over an employment contract which McKelvey was alleged to have ended early. Plaintiff's counsel sought details regarding the lawsuits, including the identity and relationship of the parties, the dispute, the resolution and the timing of the lawsuits. Plaintiff's counsel also questioned whether McKelvey had ever been convicted of a myriad of unrelated and irrelevant criminal and traffic violations, including traffic infractions, drag racing, reckless driving and shoplifting. McKelvey testified that he had been convicted of shoplifting when he was approximately 18 years old and that he has had several traffic infractions.

Any such evidence or references would be irrelevant to any of the issues in dispute in this case and potentially prejudicial to McKelvey. This motion asks this Court to issue an *in limine* ruling precluding any such evidence.

## II. ARGUMENT

### A. Evidence Of Prior Lawsuits Unrelated To Sexual Harassment And Of Prior Penal And/Or Vehicle Code Violations Is Irrelevant.

At the most basic level, "[e]vidence which is not relevant is not admissible." Fed.R.Evid. 402. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

Evidence of any lawsuits to which McKelvey was a party, but which did not involve allegations of sexual harassment, is irrelevant under this test. So, too, is evidence of prior penal and/or vehicle code violations, none of which are remotely related to the alleged conduct at issue in this dispute. Such evidence would not, for example, tend to make it any more or less probable that McKelvey sexually harassed or assaulted Plaintiff, or that SkyWest had constructive notice that McKelvey might sexually harass Plaintiff. Thus, such evidence is irrelevant and should be inadmissible.

### B. Evidence Of Prior Lawsuits Unrelated To Sexual Harassment And Of Prior Penal And/Or Vehicle Code Violations Is Inadmissible Character Evidence.

Evidence of lawsuits and of prior penal and/or vehicle code violations should not be admitted as evidence of "other wrongs or acts." Such evidence is unquestionably inadmissible under Fed.R.Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.") Courts have repeatedly cautioned that character evidence "subtly permits the trier of fact to reward the good man and punish the bad man because of their ... characters despite what the evidence ... shows actually happened." *United States v. Crawley*, 533 F.3d 349, 353 (5th Cir. 2008). Such evidence "carries an unacceptable risk" that a jury will punish a defendant not because of what he actually did, but "because a bad person deserves punishment." *United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir. 1996).

Here, evidence that McKelvey was a party to two other civil lawsuits that did not even remotely involve allegations of sexual harassment would character evidence that is not subject to any exception under Fed.R.Evid. 404(b). Similarly, that McKelvey may have received traffic citations—regardless how serious, or other

minor infractions that did not involve a sex crime or a violent offense cannot possibly be admissible under Fed.R.Evid. 404(b).

"Prejudice is 'unfair' when it will excite a jury to make a decision on the basis of a factor unrelated to the issues properly before it." *Glover*, 178 F.Supp.2d at 632. The risk of unfair prejudice to McKelvey arises from the danger that jurors will conclude he is a "bad guy" based on his litigation history and/or his prior violations of the penal and vehicle code, rather than considering the evidence regarding whether he assaulted, battered or harassed Plaintiff.

### C. McKelvey's Criminal And/Or Vehicle Code Violations Are Inadmissible For Impeachment Purposes.

Evidence of a prior conviction may be admitted for purposes of attacking a witness's character for truthfulness only where either (1) the crime was punishable by death or imprisonment in excess of one year and the probative value of admitting the evidence outweighs its prejudicial effect, or (2) it can readily be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement. (Fed.R.Evid. 609(a)).

Here, McKelvey's convictions (or infractions) do not meet this test. None of the offenses were punishable by death or imprisonment in excess of one year. None of the offenses are probative to the issues in dispute and, even if they were, the prejudicial effect would far outweigh their probative value. Finally, proof of the violations did not require proof of an act of dishonesty or false statement. In *U.S. v. Foster*, 227 F.3d 1096, 1100 (2000) ("shoplifting (a misdemeanor) is not a crime of dishonesty under Rule 609(a)(2)"). Thus, McKelvey's convictions or infractions cannot be admitted or used for impeachment purposes, either.

## CONCLUSION

For the foregoing reasons, McKelvey respectfully requests the Court issue an *in limine* ruling precluding evidence of, or reference to, (1) any prior lawsuit to which McKelvey was a party that did not involve allegations of sexual harassment; and (2) any prior convictions for violations of the penal and vehicle code.

Dated: June 24, 2011　　　　　　　　　　DYKEMA GOSSETT LLP


By: *Alex W. Craigie*
　　John L. Viola
　　Alex W. Craigie
　　Attorneys for Defendant
　　MICHAEL MCKELVEY

# PROOF OF SERVICE

*Denise Valois. v. SkyWest Airlines; Michael McKelvey*
USDC Central District of California, Case No. CV10-02030 RGK (JCx)

I am over the age of 18 and not a party to the within action. I am employed in the County of Los Angeles, State of California by Dykema Gossett LLP. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On June 24, 2011, I served the foregoing document described as **DEFENDANT MCKELVEY'S MOTION IN LIMINE NO. 12 TO PRECLUDE EVIDENCE OF (1) MCKELVEY'S LITIGATION HISTORY, AND (2) RECORDS OF PENAL AND VEHICLE CODE VIOLATIONS** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**Patricia Stambelos, Esq.**
SKYWEST AIRLINES
444 South River Road
St. George, UT 84790
Telephone: (818) 584-0011
Facsimile: (805) 277-3598

Patricia.stambelos@skywest.com

*Associate Counsel for Defendant*
*SKYWEST AIRLINES*

**Phyllis Kupperstein, Esq.**
PAYNE & FEARS, LLP
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone: (213) 439-9911
Facsimile: (213) 439-9922

pk@paynefears.com

*Lead counsel for defendant*
*SKYWEST AIRLINES, INC.*

☒ **BY MAIL**: I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

☐ **(BY ELECTRONIC MAIL)** By consent of recipients listed on the attached service list, I caused the above-named document to be served via e-mail.

☒ **BY ELECTRONIC SERVICE**: By E-filing and transmission of the above-listed document on all parties via the CM/ECF system with the U.S. District Court, Central District of California.

1 ☐ **BY FACSIMILE**: I caused the attached documents to be transmitted to the interested party in this action by faxing a true copy from facsimile telephone number (213) 457-1850. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

☐ **BY PERSONAL SERVICE**: I delivered such envelope by hand to the offices of the addressee.

☐ **BY OVERNIGHT COURIER**: Via Federal Express.

☒ (Federal) I declare that I employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 24, 2011, at Los Angeles, California.

*Sharon Bise*
Sharon Bise

PAS01\170959.1
ID\SBI1 - 101360/0003