Jeremy L. Friedman, CA Bar No. 142659
Attorney At Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087
jlfried@comcast.net

Attorney for plaintiff Denise Valois

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Denise Valois,<br><br>　　Plaintiff,<br><br>vs.<br><br>SkyWest Airlines, a corporation;<br>Michael McKelvey, an individual,<br><br>　　Defendants. | Case No. CV10-2030 RGK [JC]<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 3 FOR SANCTIONS OR OTHER APPROPRIATE RELIEF FOR FAILURE TO PRODUCE KEY RECORDS; DECLARATION OF COUNSEL**<br><br>Date: August 9, 2011<br>Time: 9:00 a.m.<br><br>Hon. R. Gary Klausner |

## INTRODUCTION

Plaintiff Denise Valois brings this motion *in limine* seeking to an evidentiary sanction or other appropriate relief resulting from defendants' failure to produce key evidence in this case, namely, documents associated with prior female flight attendant complaints against Captain McKelvey. This motion is brought pursuant to Rule 37(c) and the Court's inherent powers to manage its affairs. *See Residential Funding Corp. v. Degeorge Financial Corp.,* 306 F.3d 99, 106-107 (2nd Cir. 2002); *Unigard Securities Insurance Co. v. Lakewood Engineering and Manufacturing Corp.*, 982 F.2d 363, 368 (9th Cir. 1992). *See also Trigon Insurance Co. v. United States* 204 F.R.D. 277, 279, 284-288, n. 1 (E.D. VA 2001) (remedy for spoliation).

## BACKGROUND

Obtaining defendants' records in this case has been through a slow trickle. Both the employer and Captain McKelvey purposefully withheld – until the last days of discovery – key documents and evidence that should have been disclosed through the automatic disclosure provisions of Rule 26(a). For example, Captain McKelvey disclosed a two page document initially, and waited until two days before his May 11, 2011 deposition – the last day for discovery in this case – to produce his telephone records (showing text messages to his sexual contacts immediately prior to contacting Valois for sex) and his extensive notes of discussions with SkyWest management and investigator over Valois's complaint.

Worse, SkyWest has purposefully delayed production of key documents of the underlying investigation and completely withheld documents of prior complaints against Captain McKelvey. Initially, SkyWest refused to produce any documents to plaintiff, other than her personnel file, despite the fact that it listed its own Valois investigation file in its initial disclosure. Instead, it waited until *after* plaintiff's deposition, until early April of 2011, to produce some of those files. When SkyWest finally produced McKelvey's personnel documents, it contained a reference to discipline from the Beckie Laudise complaint in 2007, but did not include any document that identified Laudise by name or the circumstances of her complaint. Ultimately, after repeated follow up demands by plaintiff, on April 26, 2011, SkyWest produced records showing the astounding facts of the Laudise complaint, including the internal memorandum from SkyWest Director Tony Hoetker saying "here we go again" and "seems like Mike has real problems." SkyWest did not then – and has not now – produce any records associated with the investigation of the Laudise complaint, including the statement by the male First Officer to which Director Hoetker specifically refers.

Plaintiff's counsel continued to demand responsive documents from SkyWest, and ultimately on May 7, 2011, SkyWest finally produced its correspondence and

communications over its investigation into the Valois matter, including statements by Kelly Healey, the investigator and Human Resources Manager, that she thought Valois was a "retard" and that the decision on the complaint was being made by the company's legal department. Even these documents did not include all of the relevant communications, as SkyWest withheld a specific email chain between McKelvey and Healey concerning the ultimatum that was given to McKelvey to tell the truth or get terminated. Existence of that email was established through a letter belatedly produced by SkyWest from one of McKelvey's former lawyers. SkyWest finally produced that document to plaintiff on June 7, 2011 – well after the close of discovery.

Throughout the time that plaintiff has demanded documents from SkyWest, defendant's outside counsel assured plaintiff that any records associated with prior complaints against McKelvey and documents referring to SkyWest's investigation of the Valois matter would be produced.  Plaintiff's counsel specifically asked for the documents of complaints dating back as early as 2001. During deposition, it was revealed that Lori Palmieri had filed a previous sex harassment complaint against McKelvey in 2001, that the documents for the complaint had been sent to the Los Angeles Chief Pilot and that McKelvey had been disciplined as a result. No evidence of this was reflected in McKelvey's produced personnel documents. Palmieri's name was referenced in McKelvey's communication log, produced days before his discovery-ending deposition on May 11. Plaintiff's counsel repeatedly asked that the Palmieri documents be produced, along with the records of Laudise and other female flight attendants' complaints. SkyWest's in-house counsel has refused to do so, saying that they do not exist. SkyWest has never attempted to provide an explanation for where such documents went or what efforts have been made – including contact with the flight attendant and pilot chain of command – to locate and produce them.

Through her own investigation, plaintiff learned that Palmieri had been contacted by SkyWest's lawyers *as early as December 2010*, and that Palmieri herself had asked SkyWest's people department for the records, only to be told that she is not entitled to see them. Palmieri also revealed that another SkyWest employee filed a written statement in support of her complaint in 2001. None of these documents, or communications among and between SkyWest management, has been produced.

Through her investigation, plaintiff also learned that Shannon Farrell-Hicks filed a complaint with SkyWest against McKelvey in April 2003. She said that SkyWest told her she is not allowed to speak with other employees about her complaint against McKelvey, and she will produce a copy of the documentation when she appears by subpoena at trial. All of the witnesses – Palmieri, Farrell-Hicks and Laudise – currently work for SkyWest and have expressed concern over job security and possible retaliation from the employer as a result of their participation in this litigation. All have stated that SkyWest should be in possession of documents and records related to their complaints.

## ARGUMENT

It is an offense to the Court's power and authority for SkyWest to purposefully delay and refuse production of key documents in this case. As was pointed out in plaintiff's opposition to the summary judgment motion, SkyWest lied to the EEOC when the agency requested information on prior instances of complaints under the company's sexual harassment policy. It claimed that there was only one complaint at the "facility" (which it defined as the Santa Barbara airport) dating back to 1997 and involving a claim of stalking made *by* a pilot *against* a flight attendant. SkyWest did not disclose the prior complaints against McKelvey for harassment, nor any of the 10-15 sex harassment investigations it conducts each year. At trial, SkyWest's veracity in responding to the EEOC on the Valois charge will be subject to attack on the basis of these facts.

1       But to fail to produce documents of prior complaints against McKelvey *in this case* and to intentionally delay production of key evidence so close to trial warrants more than an argument to the jury. Instead, this court should order relief. Under Rule 37(c), the court may sanction SkyWest for its failure to disclose or supplement under Rule 26(a) or (e), including informing the jury of the party's failure to comply with its discovery obligations or "other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)" (designate facts as established, prohibiting SkyWest from supporting its defenses or opposing plaintiff's claims, and staying further proceedings). Under the Court's inherent powers, appropriate relief would include a delay the start of trial at the expense of SkyWest, until such documents are produced, and/or an adverse inference instruction. *Residential Funding*, 306 F.3d at 107-109.

      Plaintiff therefore requests that, prior to the commencement of trial, SkyWest be ordered to produce the underlying records, communications and other documents related to any and all complaints filed against McKelvey by any SkyWest employee. If such documents are not produced, this Court should conduct an evidentiary hearing, requiring SkyWest to explain what it has done to locate and produce such documents, including examination of the various individuals in the chain of command above McKelvey, Palmieri, Farrell-Hicks and Laudise. Failure to adhere to the Court's order should result in evidentiary sanctions, including a finding that SkyWest has withheld such records because they are not favorable towards its litigation position.

## CONCLUSION

      For the foregoing reasons, plaintiff's motion *in limine* should be granted, and this court should order sanctions and other appropriate relief for defendants' failure to produce relevant documents and records.

Respectfully submitted,

Dated: June 24, 2011          Law Office of Jeremy Friedman

/S/Jeremy L. Friedman
Jeremy L. Friedman

**DECLARATION OF COUNSEL** Attorney for plaintiff Denise Valois

I, Jeremy L. Friedman, declare and state:

1. I am the attorney representing plaintiff in this action. I make this declaration based upon my own personal knowledge. If called as a witness hereto, I would and could testify competently to the following.

2. All of the factual representations made in this motion *in limine*, including those in the "Background" section, are true and correct of my own knowledge.

3. The parties exchanged initial disclosures December 6, 2010. SkyWest listed its investigation files in the Valois matter, but refused to produce them. I made repeated demands for their production prior to plaintiff's deposition on January 19, 2011, but they were not produced. Instead, SkyWest attorneys produced hundreds of pages from plaintiff's personnel file and withheld its investigation file from plaintiff.

4. SkyWest finally produced some of its investigation files in early April 2011, as the parties were preparing for the close of discovery on May 11. SkyWest excluded from the production any records that referred to the Laudise matter, and all of the email communications over the Valois investigation. I repeatedly asked SkyWest's attorneys for the rest of the files. I was told that everything given to outside counsel had been produced, and that if there were any records relating to complaints against McKelvey, they too would be produced.

5. SkyWest waited until April 26, 2011 to produce records that named Laudise or showed correspondence between Captain McKelvey and the company over the Valois complaint. These late-produced records showed that Chief Pilot Bob Novak was well aware of prior complaints against McKelvey. Although

1  Novak's deposition was noticed to have been taken before the date of April 26,
2  defendants still have not produced him for deposition. All parties have agreed that
3  his deposition will be completed prior to trial.
4      6. In April and May, I had repeated conversations with in-house and outside
5  counsel for SkyWest concerning production of the Lori Palmieri complaint. These
6  conversation occurred while I was traveling for depositions in this case, including a
7  telephone conversation with Scott Luskin on or about April 26, a telephone
8  conversation with Phyllis Kupferstein on May 3, and an in-person conversation (on
9  May 2) and telephone conversation (on or about June 15) with in-house counsel
10 Patricia Stambelos. Each of my communications expressly addressed the demand
11 for documents related to Palmieri in 2001. On each occasion, I have been informed
12 that responsive documents would be produced, but that SkyWest is unaware of their
13 existence. In response to my question about what has been done to look for these
14 records, I was told that SkyWest's attorneys will not be subject to deposition.
15     7. I have retained the services of a private investigator who has been in
16 contact with Palmieri, Farrell-Hicks and Laudise. All have expressed reluctance to
17 speak out against SkyWest out of fear of retaliation and the need for job security.
18 All have stated that SkyWest, at the time of their complaints, informed them they
19 were obligated to keep their complaints confidential and not to speak to other
20 employees about their complaints. All have stated that written documents related to
21 their complaints were existing at one time. Farrell-Hicks informed plaintiff that she
22 has a copy of her complaint and will produce it upon subpoena. I intend to take a *de*
23 *benne esse* deposition of Palmieri to accommodate her long-standing August travel
24 plans, and to subpoena Farrell-Hicks and Laudise to trial.
25     8. In the event that the Court determines to have an evidentiary hearing on
26 SkyWest's production of these records, I will use the trial subpoena and *de benne*
27 *esse* deposition testimony to further establish the facts underlying this motion.
28

1  I declare under penalty of perjury according to the laws of the United States
2  and California that the foregoing is true and accurate. Executed this 24th day of
3  June, 2011.

<u>/S/Jeremy L. Friedman</u>
Jeremy L. Friedman