Jeremy L. Friedman, CA Bar No. 142659
Attorney At Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087
jlfried@comcast.net

Attorney for plaintiff Denise Valois

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Denise Valois,<br><br>　Plaintiff,<br><br>vs.<br><br>SkyWest Airlines, a corporation; Michael McKelvey, an individual,<br><br>　Defendants. | Case No. CV10-2030 RGK [JC]<br><br>**APPLICATION TO FILE SUPPLEMENTAL DECLARATION WITH RECENTLY OBTAINED EXHIBITS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; SUPPLEMENTAL DECLARATION OF COUNSEL**<br><br>Hon. R. Gary Klausner |

## INTRODUCTION

Plaintiff Denise Valois seeks to file a supplemental declaration of her counsel in opposition to SkyWest's motion for summary judgment, so that she may present the Court with a copy of the recently obtained sexual harassment complaint against defendant SkyWest Captain Michael McKelvey that Lori Palmieri filed with SkyWest in September 2001 (Exh. A). SkyWest refused to produce a copy of that complaint in the litigation, but Ms. Palmieri recently obtained a copy and provided it to plaintiff. Ms. Valois therefore asks that the Court permit the filing of this supplemental declaration and that the Court consider the document in ruling on defendant's motion for summary judgment – as well as plaintiff's motion *in limine* No. 3 for evidentiary sanctions.

## APPLICATION FOR LEAVE TO FILE

As stated in her declaration (Docket Item No. 142), Ms. Palmieri is a female flight attendant at SkyWest who had previously complained to her employer about horrendous sexually offensive conduct by Captain McKelvey on the job, including explicit verbal, physical and visual harassment, his demand that she keep his conduct a secret, and an instance when McKelvey ran Ms. Palmieri off the highway to intimidate her into silence.  Despite numerous previous requests by Ms. Palmieri, SkyWest refused to provide her with a duplicate copy of her own complaint, saying at one point that it could not be found, and at another that she was not entitled to see it.

Before this litigation even began, plaintiff's counsel wrote SkyWest's Human Resources manager Kelly Healey, and – unaware of Ms. Palmieri in particular – demanded that SkyWest preserve all relevant documentation, including prior complaints against Captain McKelvey made by other female flight attendants. During discovery, plaintiff specifically requested production of such documents. Securing release of SkyWest's documentation has been a slow trickle (*see* Plaintiff's Motion *in limine* No. 3, Docket Item No. 190), and none of the documents released by SkyWest referred to a complaint filed by Ms. Palmieri. Through her own investigation, however, complaints by several other female flight attendants – Ms. Palmieri, Shannon Farrell-Hicks and Beckie Laudise – ultimately came to light, and thus became part of plaintiff's discovery demands.

After learning of the Palmieri complaint in particular, plaintiff's counsel had numerous conversations with SkyWest's outside and in-house counsel.  From the outside counsel – Payne & Fears – plaintiff was told that all documents relating to prior complaints against McKelvey had been produced.  From in-house counsel – Patricia Stambelos – plaintiff's counsel was told that no other prior complaints were in existence, and that SkyWest had looked for, but was unable to find, any such complaint by Ms. Palmieri.

1        Plaintiff filed her opposition papers to the motion for summary judgment, including Ms. Palmieri's declaration, on June 14, 2011. On June 15, during the first of the parties' meetings pursuant to Local Rule 16-2, plaintiff's counsel specifically asked why SkyWest had not produced records relating to Ms. Palmieri and Farrell-Hicks. Ms. Stambelos stated several times that no such documents existed. In light of Ms. Palmieri's sworn testimony, plaintiff's counsel stated that he did not believe Ms. Stambelos was being truthful, and he asked her to explain what efforts had been made to locate Ms. Palmieri's complaint. SkyWest's in-house counsel responded she was offended by the statement she was being untruthful, but she would not be subject to a deposition on SkyWest's efforts to search for or produce responsive documents.

       Counsel had an in-person Rule 16-2 conference with outside counsel on June 22, 2011, and the Palmieri complaint was discussed again. Then, on June 24, plaintiff filed her motion *in limine* No. 3, seeking evidentiary sanctions and other appropriate relief for SkyWest's failure to produce complaints against McKelvey by other female flight attendants. Plaintiff specifically requested that the Court order SkyWest to produce those records at trial, and to hold an evidentiary hearing on the reasons for SkyWest's failure to do so previously.

       On Sunday, June 26, 2011 – two days after plaintiff's motion *in limine* was on file – plaintiff's counsel received a cryptic email from Payne & Fears Attorney Phyllis Kupferstein (Exh. B), stating that Ms. Palmieri's complaint "was misfiled" and has "finally been located" and will be provided to Ms. Palmieri the following day. Plaintiff's counsel wrote back, and subsequently spoke with Ms. Kupferstein, but – with its motion for summary judgment pending and its objections to the Palmieri declaration – SkyWest refused to produce a copy of that Palmieri complaint to plaintiff. Although plaintiff had previously been told that prior complaints would be produced, Mr. Kupferstein said that she needed to check with her client as to whether the Palmieri complaint should be handed over.

SkyWest did not send Ms. Palmieri a copy of her complaint on June 27. Instead, SkyWest Employee Relations Manager Nichole Chapman sent it to Ms. Palmieri on June 30 (Exh. C), knowing that it would not find its way to plaintiff's counsel until after the July 5 hearing on SkyWest's motion for summary judgment. Plaintiff's counsel did not receive a copy of the complaint from Ms. Palmieri until late in the evening on Friday, July 8.

Although the Court has taken SkyWest's motion for summary judgment under submission, including Ms. Palmieri's declaration, plaintiff seeks to have the actual Palmieri complaint on file and before the Court in connection with the motion. Because SkyWest suppressed production of the document to plaintiff, and because Ms. Palmieri herself only recently secured a copy, plaintiff was unable to file it along with her opposition papers. For good cause, she asks that the Court consider this application, counsel's supplemental declaration and the attached exhibits in opposition to the motion.

## CONCLUSION

For the foregoing reasons, plaintiff asks that the Court consider the attached supplemental declaration of counsel and exhibits in opposition to SkyWest's motion for summary judgment.

Respectfully submitted,

Dated: July 9, 2011      Law Office of Jeremy Friedman

/S/Jeremy L. Friedman
Jeremy L. Friedman
Attorney for plaintiff Denise Valois

## SUPPLEMENTAL DECLARATION OF COUNSEL

I, Jeremy L. Friedman, declare and state:

1. I am attorney for plaintiff Denise Valois in this action. I make this supplemental declaration based upon my own personal knowledge. If called as a witness in this case, I could and would testify competently to the following.

2. As I stated in my previous declaration: "I have had numerous conversations and written communications to SkyWest's lawyers, both at the Payne & Fears firm as well as in-house counsel, asking that they produce all such records, including the Palmieri complaint and the Farrell-Hicks complaint. I have been told by these attorneys that would indeed comply with their obligations to produce any such records, but they cannot seem to find them. I have also been told at times that the attorneys do not know what I am asking for, and that they are confused by my requests."

3. One of those conversations took place subsequent to the filing of plaintiff's opposition papers, on June 15. This conversation was the parties first attempt to meet and confer over the subjects required by Local Rule 16-2. Present on the telephone were myself, Phyllis Kupferstein and Scott Luskin from Payne & Fears, SkyWest in-house counsel Patricia Stambelos, and Alex Craigie, counsel for Mckelvey. During the conversation, I specifically referred to Ms. Palmieri's declaration and asked why her written complaint had not been produced in the litigation. Ms. Stambelos stated that the document did not exist. I told her this was inconsistent with Ms. Palmieri's declaration, as well as the testimony of Assistant Chief Pilot Tom MacFarlane, who testified that he was aware of a complaint by Palmieri that was forwarded on to the Chief Pilot in Los Angeles. I expressed my opinion that the documents were in existence and that SkyWest did not want to produce them. Ms. Stambelos stated in response that she was offended by the implication that she and/or SkyWest would not be truthful about the existence of document. I stated my opinion that she was lying, and I asked her to describe what efforts had been made to locate the records. Ms. Stambelos responded that she would not be subject to a deposition by plaintiff's counsel, and eventually we moved on to other topics of discussion.

4. Subsequently, I met in person with Mr. Kupferstein and Mr. Craigie on June 22 at the Payne & Fears offices. In connection with plaintiff's anticipated

1  motion *in limine* for evidentiary sanctions, as well as the trial testimony of Ms.
2  Palmieri, the topic of her complaint against McKelvey and SkyWest's failure to
3  produce it was discussed between counsel again.

4      5.  On June 24, 2011, I filed plaintiff's motion *in limine* No. 3, seeking
5  evidentiary sanctions for the suppression of the Palmieri complaint, as well as the
6  complaints by other female flight attendants against McKelvey.  Two days later, I
7  received an email from Ms. Kupferstein about the Palmieri complaint.  A true and
8  accurate copy of Ms. Kupferstein's email, and my response, is attached hereto as
9  Exhibit B.  Subsequent to the email exchange, I telephoned Ms. Kupferstein and
10 repeated my inquiry about the Palmieri complaint.  Ms. Kupferstein stated that she
11 had not intended to produce the recently found Palmieri complaint to plaintiff in the
12 litigation.  At the end of the discussion, she said she would check with Mr. Luskin
13 and her client to see if SkyWest wanted the complaint to be produced.  Ms.
14 Kupferstein told me she would get back to me the next day, but she did not.  To
15 date, SkyWest has not produced a copy of the Palmieri complaint to me.

16     6.  In the late evening on July 8, 2011, I received an email communication
17 from Lori Palmieri, informing me that SkyWest had finally sent her a copy of her
18 complaint, along with a cover letter from Employee Relations Manager Chapman.
19 Attached hereto as Exhibit A and C, respectively, are true and accurate copies of the
20 September 19, 2001, complaint and June 30, 2011, cover letter which Ms. Palmieri
21 provided to me at that time.

22     I declare under penalty of perjury according to the laws of the United States
23 and California that the foregoing is true and accurate of my own knowledge.
24 Executed this 9th day of July, 2011.

                                                    /s/Jeremy L. Friedman
                                                    Jeremy L. Friedman