Phyllis Kupferstein, Bar No. 105898
Scott O. Luskin, Bar No. 238082
PAYNE & FEARS LLP
Attorneys at Law
80 S. Figueroa Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 439-9911
Facsimile: (213) 439-9922
pk@paynefears.com
sol@paynefears.com

Patricia Stambelos, Esq., Bar No. 166998
SkyWest Airlines
444 South River Road
St. George, UT 84790
Telephone:  (818) 584-0011
Facsimile:  (805) 277-3598
patricia.stambelos@skywest.com

Attorneys for Defendant
SkyWest Airlines

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Denise Valois,<br><br>           Plaintiff,<br><br>     v.<br><br>SkyWest Airlines, *et al.*,<br><br>           Defendants. | Case No. . CV10-02030-RGK (JCx)<br><br>Before the Hon. R. Gary Klausner<br><br>**OPPOSITION OF SKYWEST AIRLINES TO PLAINTIFF'S APPLICATION TO FILE SUPPLEMENTAL DECLARATION WITH RECENTLY OBTAINED EXHIBITS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Pre-Trial Conf.:   July 25, 2011<br>Trial Date:           August 9, 2011 |

# I.
# INTRODUCTION

Defendant SkyWest objects to Plaintiff's late-submitted declaration with exhibits in opposition to summary judgment, and requests that the Court deny Plaintiff's ex parte application to file it. Plaintiff did not provide notice of this application, did not meet and confer regarding the application, and does not meet the *Mission Power* standard for granting it.

Plaintiff's application, counsel's declaration, and the alleged exhibits improperly attempt to bring discovery issues before this Court after the discovery cutoff. In addition to these procedural issues, the documents themselves are irrelevant to the motion. Finally, Plaintiff's version of events completely mischaracterizes the truth to cover up her counsel's failures to diligently pursue discovery.

# II.
# ARGUMENT

**A. Plaintiff Fails to Meet the *Mission Power* Standard for Filing an Ex Parte Application**

Plaintiff's ex parte application to submit a supplemental declaration and exhibits does not meet the standards required by the rules of civil procedure or the Court's requirements to follow *Mission Power*. It should be denied on this ground alone.

"An ex parte motion should never be submitted by itself. It must always be

accompanied by a separate proposed motion for the ultimate relief the party is seeking.  Properly designed ex parte motion papers thus contain two distinct motions or parts.  The first part should address only why the regular noticed motion procedures must be bypassed.  The second part consists of papers identical to those that would be filed to initiate a regular noticed motion (except that they are denominated as a 'proposed' motion and they show no hearing date).  These are separate, distinct elements for presenting an ex parte motion and should never be combined.  The parts should be separated physically and submitted as separate documents." *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)(emphasis in original).

Additionally, to justify ex parte relief, the moving party "must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id*. Finally, the Central District requires that parties give notice of any application and meet and confer before filing.  C.D. L.R. 7-3, 7-19.1.

Plaintiff did not meet and confer with SkyWest in accordance with Local Rule 7-3 before filing this application.  Nor did she give SkyWest any notice of the application.  Instead, Plaintiff merely e-filed her application on Saturday, July 9, 2011, without any warning.  Plaintiff's conduct does not meet the requirements of the Central District Local Rules.

Furthermore, Plaintiff has not met either of the requirements of *Mission Power*.  First, she failed to file the proposed motion.  Second, as explained below, Plaintiff is at fault for failing to include the late-submitted documents in opposition

-3-

to summary judgment. Plaintiff's refusal to follow the Court's procedures should result in denial of her application.

## B. **Plaintiff's Application Should also Be Denied Because the Documents Were Filed well after Plaintiff's Opposition and Ms. Palmieri Was Not Disclosed as a Witness in Discovery**

Plaintiff's application should be denied because it is late-filed and attempts to introduce evidence from a witness that was disclosed after the discovery cutoff. Plaintiff submits this new evidence well after her June 14 opposition date and even after this Court took the matter under submission. The Court should not consider such late filed documents. C.D. L.R. 7-12.

Furthermore, in support of her opposition to summary judgment, Plaintiff submitted the declaration of Lori Palmieri, a flight attendant at SkyWest, who alleges she was harassed by Defendant McKelvey in 2001. Ms. Palmieri was not disclosed as a witness by Plaintiff until May 30, 2011, well after the May 11 discovery cutoff.

Plaintiff spoke to Ms. Palmieri about McKelvey in 2005 (Palmieri Decl. Opp. Summ. J. ¶ 18), yet Plaintiff decided not to include Ms. Palmieri in the 26(a) disclosures or two timely supplements, nor was she identified in response to an interrogatory seeking all persons with whom Plaintiff had discussed McKelvey.[1] Instead, Plaintiff attempted to sandbag SkyWest and introduce her as a witness after

---

[1] Plaintiff's counsel also had investigators speak with Ms. Palmieri about this case, yet still failed to disclose her before the discovery cut-off. (Friedman Decl. Opp. Summ. J. ¶ 3.)

-4-

1 discovery ended, so SkyWest could not take Ms. Palmieri's deposition. As
2 explained in SkyWest's objections to Plaintiff's evidence in opposition to summary
3 judgment, Ms. Palmieri's testimony and declaration should be excluded because of
4 these discovery improprieties. Fed R. Civ. P. 26(a), 37(c)(1);*Yeti by Molly, Ltd. v.*
5 *Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001). Plaintiff is attempting
6 to do the same thing here, by submitting Ms. Palmieri's alleged complaint about
7 McKelvey almost a month after filing her opposition to summary judgment.
8 Plaintiff's tactics are again improper, and the Court should ignore the submission.
9 C.D. L.R. 7-12.

### C. Plaintiff Failed to Seek the Late-Filed Information in Discovery and the Document Is Irrelevant to the Motion

Plaintiff also complains that SkyWest failed to produce the Palmieri document, which she alleges was requested in discovery. Plaintiff basically requested every sexual harassment complaint at SkyWest, a publically traded company with numerous offices and employees, without limitation to time or scope. Notably, Plaintiff has not attached her overbroad discovery requests with this application.

SkyWest objected that Plaintiff's demands were, among other things, irrelevant, vague, and overbroad. SkyWest responded that it would be too burdensome to comply with Plaintiff's document demands and that complaints other than those by Plaintiff against Defendant McKelvey were irrelevant to this case.[2]

---

[2] Plaintiff made a similar request for every complaint in her 30(b)(6) deposition notice, which SkyWest also objected to because the documents are irrelevant and Plaintiff failed to provide the required 30-day notice.

-5-

1 Plaintiff did not move to compel further production, but instead allowed the
2 discovery period to end. Plaintiff now blames SkyWest for her failure to request
3 leave from the Magistrate Judge to determine whether Ms. Palmieri's 2001 email
4 was relevant to this case. Plaintiff's lack of diligence and refusal to adhere to the
5 rules of civil procedure should result in denial of Plaintiff's application to file this
6 late-submitted document.

8 Furthermore, Plaintiff's version of events is a complete mischaracterization of
9 her counsel's interaction with defense counsel. Neither in house counsel nor
10 counsel at Payne & Fears ever agreed to produce all harassment complaints to
11 Plaintiff. Instead, as reflected in the discovery responses and initial disclosures,
12 SkyWest agreed to produce all documents in the investigation files for the Valois
13 complaint against McKelvey. SkyWest actually produced those files, and Ms.
14 Palmieri's complaint was not therein. Plaintiff's counsel did informally ask
15 SkyWest for the Palmieri complaint and was told repeatedly (1) that her complaint
16 could not be located and (2) that even if it was located SkyWest continued to stand
17 on its previously-stated objections to production.

19 Defense counsel did not even know that a complaint by Ms. Palmieri existed
20 until she asked SkyWest's payroll department for a copy in June 2011. A search of
21 all of Ms. Palmieri's records was performed at that time, and, in accordance with
22 California employment laws, she was provided a copy when it was located.

24 SkyWest maintains that Ms. Palmieri's complaint is irrelevant to the motion
25 and the case. Fed. R. Evid. 401-403.[3] Ms. Palmieri made a complaint against

---

[3] Furthermore, counsel's declaration does not properly authenticate the complaint and the entire contents are hearsay. Fed. R. Evid. 802, 902.

-6-

Defendant McKelvey in 2001 regarding two incidents that are completely distinct from Valois' allegations of sexual assault. Ms. Palmieri claimed that Defendant McKelvey used improper sexual language around her and alleged that he tried to run her off the road. Neither of these allegations has any relation to Plaintiff's claim that she was in a consensual sexual relationship from 2005-2008 that turned into an alleged sexual assault. Moreover, the allegations are improper evidence of Defendant McKelvey's character. Fed. R. Evid. 404. Therefore, even on the merits, Plaintiff's application to submit the supplemental declaration and Ms. Palmieri's email should be denied.

### D.   **Plaintiff Does Not State How These Submissions Apply to the Motion and Should be Stricken**

Like Plaintiff's initial opposition, her new declaration and exhibit do not identify how they should be used to dispute or oppose SkyWest's statement of undisputed facts in support of summary judgment. Nor does Plaintiff state what facts these documents evidence in her statement of genuine issues of material fact. Therefore, the Court should strike the declaration and exhibits. C.D. L.R. 56-2, 56-3; *see also Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001)(finding the court is not required to search the records to determine the issues in dispute on summary judgment). Ultimately, Plaintiff's failure to dispute any of SkyWest's facts should result in summary adjudication regardless of this new evidence.

## III.
## **CONCLUSION**

For all of the foregoing reasons, SkyWest requests that this Court deny Plaintiff's application.

DATED: July 12, 2011    PAYNE & FEARS LLP


By:  /s/ Scott O. Luskin
　　　PHYLLIS KUPFERSTEIN
　　　SCOTT O. LUSKIN

Attorneys for Defendant
SkyWest Airlines

4817-6549-2746.1