Phyllis Kupferstein, Bar No. 105898
Scott O. Luskin, Bar No. 238082
PAYNE & FEARS LLP
Attorneys at Law
801 S. Figueroa Street, Suite 1150
Los Angeles, CA 90017
Telephone:  (213) 439-9911
Facsimile:   (213) 439-9922
pk@paynefears.com
sol@paynefears.com

Patricia Stambelos, Esq., Bar No. 166998
SkyWest Airlines
444 South River Road
St. George, UT 84790
Telephone:  (818) 584-0011
Facsimile:   (805) 277-3598
patricia.stambelos@skywest.com

Attorneys for Defendant
SkyWest Airlines

John L. Viola, Bar No. 131407
Alex W. Craigie, Bar No. 167766
DYKEMA GOSSETT LLP
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone:  (213) 457-1800
Facsimile:   (213) 457-1850
jviola@dykema.com
acraigie@dykema.com

Attorneys for Defendant
Michael McKelvey

Jeremy L. Friedman, Bar No. 142659
Attorney At Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone:  (510) 530-9060
Facsimile:  (510) 530-9087
jlfried@comcast.net

Attorneys for Plaintiff
Denise Valois

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Denise Valois,<br><br>            Plaintiff,<br><br>     v.<br><br>SkyWest Airlines, *et al.*,<br><br>            Defendants. | CASE NO. CV10-02030-RGK (JCx)<br><br>Before the Hon. R. Gary Klausner<br><br>**[PROPOSED] JOINT JURY INSTRUCTIONS**<br><br>Pre-Trial Conf.:   July 25, 2011<br>Time:                9:00 a.m.<br>Courtroom:        850<br><br>Trial Date:         August 9, 2011<br>Time:                9:00 a.m.<br>Courtroom:        850 |

////

**TO THE COURT:**

Pursuant to this Court's Order for Jury Trial, the Parties hereby submit the following jury instructions for use at trial.  The Parties reserve the right to amend, withdraw and/or supplement these instructions.


**<u>INDEX OF JURY INSTRUCTIONS</u>**

| <u>Number</u> | <u>Title</u> | <u>Source</u> | <u>Page</u> |
|---|---|---|---|
| **1** | Duty Of Jury | 9th Cir.1.1a | 4 |
| **2** | Duty Of Jury | 9th Cir.1.1c | 5 |
| **3** | Why Electronic Communications And Research Are Prohibited | CACI 116 | 7 |
| **4** | Burden Of Proof—Preponderance Of The Evidence | 9th Cir.1.3. | 9 |
| **5** | Burden Of Proof—Clear And Convincing Evidence | 9th Cir.1.4 | 10 |
| **6** | Two Or More Parties—Different Legal Rights | 9th Cir.1.5 | 11 |
| **7** | Corporations And Partnerships—Fair Treatment | 9th Cir.4.1 | 12 |
| **8** | What Is Evidence | 9th Cir. 1.6 | 13 |
| **9** | What Is Not Evidence | 9th Cir.1.7 | 14 |
| **10** | Evidence For Limited Purpose | 9th Cir.1.8 | 16 |
| **11** | Direct And Circumstantial Evidence | 9th Cir.1.9 | 17 |
| **12** | Ruling On Objections | 9th Cir.1.10 | 18 |
| **13** | Credibility Of Witnesses | 9th Cir.1.11 | 19 |
| **14** | Conduct Of The Jury | 9th Cir.1.12 | 21 |

1

| 15 | No Transcript Available To Jury | 9th Cir.1.13 | 23 |
|---|---|---|---|
| 16 | Taking Notes | 9th Cir.1.14 | 24 |
| 17 | Bench Conferences And Recesses | 9th Cir.1.18 | 25 |
| 18 | Outline Of Trial | 9th Cir.1.19 | 26 |
| 19 | Stipulated Testimony | 9th Cir.2.1 | 27 |
| 20 | Stipulations Of Fact | 9th Cir.2.2 | 28 |
| 21 | Deposition In Lieu Of Live Testimony | 9th Cir.2.4 | 29 |
| 22 | Use Of Interrogatories Of A Party | 9th Cir.2.10 | 30 |
| 23 | Expert Opinion | 9th Cir.2.11 | 31 |
| 24 | Causation; Substantial Factor | CACI 430 | 32 |
| 25 | Causation:  Multiple Causes | CACI 431 | 33 |
| 26 | Arguments Of Counsel Not Evidence Of Damages | CACI 3925 | 34 |
| 27 | Damages On Multiple Legal Theories | CACI 3934 | 35 |
| 28 | Punitive Damages-Individual Defendant-Trial Not Bifurcated | CACI 3940 | 37 |
| 29 | Charts And Summaries Not Received In Evidence | 9th Cir.2.12 | 40 |
| 30 | Charts And Summaries In Evidence | 9th Cir.2.13 | 41 |
| 31 | Duty To Deliberate | 9th Cir.3.1 | 42 |
| 32 | Communication With Court | 9th Cir.3.2 | 44 |
| 33 | Return Of Verdict | 9th Cir.3.3 | 45 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>TEXT OF JURY INSTRUCTIONS FOLLOWS PER COURT ORDER</u>**

**(One Instruction Per Page)**

**PROPOSED JURY INSTRUCTION NO. 1**

## <u>DUTY OF JURY</u>

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 1.1A.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**

_____
**Honorable R. Gary Klausner**
**United States District Judge**

4

**PROPOSED JURY INSTRUCTION NO. 2**

## DUTY OF JURY

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

or

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that

you took an oath to do so.

         In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 1.1C.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**

                              **_____**
                              **Honorable R. Gary Klausner**
                              **United States District Judge**

**PROPOSED JURY INSTRUCTION NO. 3**

## <u>WHY ELECTRONIC COMMUNICATIONS AND RESEARCH ARE PROHIBITED</u>

I know that many of us are used to communicating and perhaps even learning by electronic communications and research.  However, there are good reasons why you must not electronically communicate or do any research on anything having to do with this trial or the parties.

In court, jurors must make important decisions that have consequences for the parties.  Those decisions must be based only on the evidence that you hear in this courtroom.

The evidence that is presented in court can be tested; it can be shown to be right or wrong by either side; it can be questioned; and it can be contradicted by other evidence.  What you might read or hear on your own could easily be wrong, out of date, or inapplicable to this case.

The parties can receive a fair trial only if the facts and information on which you base your decisions are presented to you as a group, with each juror having the same opportunity to see, hear, and evaluate the evidence.

Also, a trial is a public process that depends on disclosure in the courtroom of facts and evidence.  Using information gathered in secret by one or more jurors undermines the public process and violates the rights of the parties.

1

2

3

**AUTHORITY:**
**JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**
**(SPRING 2011 UPDATE), INSTRUCTION 116.**

4

**GIVEN AS REQUESTED:** _____

5

**GIVEN AS MODIFIED:** _____

6

**REFUSED:** _____

7

**WITHDRAWN:** _____

8

**DATED: _____, 2011**          **Honorable R. Gary Klausner**
                                       **United States District Judge**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **PROPOSED JURY INSTRUCTION NO. 4**

2  **<u>BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE</u>**

3

4      When a party has the burden of proof on any claim [or affirmative

5  defense] by a preponderance of the evidence, it means you must be persuaded by the

6  evidence that the claim [or affirmative defense] is more probably true than not true.

7

8      You should base your decision on all of the evidence, regardless of

9  which party presented it.

10

11

12  **AUTHORITY:**
   **NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS**
13  **(2007), MODEL INSTRUCTION 1.3.**

14  **GIVEN AS REQUESTED: _____**

15  **GIVEN AS MODIFIED: _____**

16  **REFUSED: _____**

17  **WITHDRAWN: _____**

18  **DATED: _____, 2011**
                                    _____
19                                  **Honorable R. Gary Klausner**
                                    **United States District Judge**

20

21

22

23

24

25

26

27

28

# PROPOSED JURY INSTRUCTION NO. 5

## BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 1.4.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**

_____
**Honorable R. Gary Klausner**
**United States District Judge**

**PROPOSED JURY INSTRUCTION NO. 6**

**<u>TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS</u>**

You should decide the case as to each [plaintiff] [defendant] [party] separately.  Unless otherwise stated, the instructions apply to all parties.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 1.5.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**          **Honorable R. Gary Klausner**
                                        **United States District Judge**

**PROPOSED JURY INSTRUCTION NO. 7**

## <u>CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT</u>

All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 4.1.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**               **Honorable R. Gary Klausner**
                                              **United States District Judge**

**PROPOSED JURY INSTRUCTION NO. 8**

## <u>WHAT IS EVIDENCE</u>

The evidence you are to consider in deciding what the facts are consists of

      1.    the sworn testimony of any witness;

      2.    the exhibits which are received into evidence; and

      3.    any facts to which the lawyers have agreed.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2001), MODEL INSTRUCTION 1.6.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**

                                        **Honorable R. Gary Klausner**
                                        **United States District Judge**

**PROPOSED JURY INSTRUCTION NO. 9**

## <u>WHAT IS NOT EVIDENCE</u>

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

14

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 1.7.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**

**Honorable R. Gary Klausner**
**United States District Judge**

1    **PROPOSED JURY INSTRUCTION NO. 10**

2                      **EVIDENCE FOR LIMITED PURPOSE**

3

4              Some evidence may be admitted for a limited purpose only.

5

6              When I instruct you that an item of evidence has been admitted for a

7    limited purpose, you must consider it only for that limited purpose and for no other.

8

9              [The testimony [you are about to hear] [you have just heard] may be

10   considered only for the limited purpose of [describe purpose] and for no other

11   purpose.]

12

13

14   **AUTHORITY:**
     **NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS**
15   **(2007), MODEL INSTRUCTION 1.8.**

16   **GIVEN AS REQUESTED: _____**

17   **GIVEN AS MODIFIED: _____**

18   **REFUSED: _____**

19   **WITHDRAWN: _____**

20   **DATED: _____, 2011**
                                        _____
21                                      **Honorable R. Gary Klausner**
                                        **United States District Judge**

22

23

24

25

26

27

28

                                      16

1   **PROPOSED JURY INSTRUCTION NO. 11**

2   **<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>**

3

4   Evidence may be direct or circumstantial.  Direct evidence is direct

5   proof of a fact, such as testimony by a witness about what that witness personally

6   saw or heard or did.  Circumstantial evidence is proof of one or more facts from

7   which you could find another fact.  You should consider both kinds of evidence.

8   The law makes no distinction between the weight to be given to either direct or

9   circumstantial evidence.  It is for you to decide how much weight to give to any

10  evidence.

11

12

13  **AUTHORITY:**
    **NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS**

14  **(2007), MODEL INSTRUCTION 1.9.**

15  **GIVEN AS REQUESTED: _____**

16  **GIVEN AS MODIFIED: _____**

17  **REFUSED: _____**

18  **WITHDRAWN: _____**

19  **DATED: _____, 2011**
                                    _____
20                                  **Honorable R. Gary Klausner**
                                    **United States District Judge**

21

22

23

24

25

26

27

28

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED JURY INSTRUCTION NO. 12**

## <u>RULING ON OBJECTIONS</u>

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 1.10.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**

_____
**Honorable R. Gary Klausner**
**United States District Judge**

**PROPOSED JURY INSTRUCTION NO. 13**

**<u>CREDIBILITY OF WITNESSES</u>**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

////

19

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 1.11.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**

**Honorable R. Gary Klausner**
**United States District Judge**

**PROPOSED JURY INSTRUCTION NO. 14**

## <u>CONDUCT OF THE JURY</u>

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

////

21

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 1.12.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**

_____
**Honorable R. Gary Klausner**
**United States District Judge**

1  **PROPOSED JURY INSTRUCTION NO. 15**

2  <u>**NO TRANSCRIPT AVAILABLE TO JURY**</u>

3

4       During deliberations, you will have to make your decision based on

5  what you recall of the evidence.  You will not have a transcript of the trial.  I urge

6  you to pay close attention to the testimony as it is given.

7

8       If at any time you cannot hear or see the testimony, evidence, questions

9  or arguments, let me know so that I can correct the problem.

10

11  **AUTHORITY:**
     **NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS**

12  **(2007), MODEL INSTRUCTION 1.13.**

13  **GIVEN AS REQUESTED: _____**

14  **GIVEN AS MODIFIED: _____**

15  **REFUSED: _____**

16  **WITHDRAWN: _____**

17  **DATED: _____, 2011**

                                    _____
18                                  **Honorable R. Gary Klausner**
                                    **United States District Judge**

19

20

21

22

23

24

25

26

27

28

1  **PROPOSED JURY INSTRUCTION NO. 16**

2  <u>**TAKING NOTES**</u>

3

4    If you wish, you may take notes to help you remember the evidence. If

5  you do take notes, please keep them to yourself until you and your fellow jurors go

6  to the jury room to decide the case.  Do not let note-taking distract you.  When you

7  leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury

8  room].  No one will read your notes.  They will be destroyed at the conclusion of the

9  case.

10

11    Whether or not you take notes, you should rely on your own memory of

12  the evidence.  Notes are only to assist your memory.  You should not be overly

13  influenced by your notes or those of your fellow jurors.

14

15

16  **AUTHORITY:**
    **NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS**
17  **(2007), MODEL INSTRUCTION 1.14.**

18  **GIVEN AS REQUESTED: _____**

19  **GIVEN AS MODIFIED: _____**

20  **REFUSED: _____**

21  **WITHDRAWN: _____**

22  **DATED: _____, 2011**

23                                        **Honorable R. Gary Klausner**
                                          **United States District Judge**

24

25

26

27

28

**PROPOSED JURY INSTRUCTION NO. 17**

**<u>BENCH CONFERENCES AND RECESSES</u>**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 1.18.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**

**Honorable R. Gary Klausner**
**United States District Judge**

**PROPOSED JURY INSTRUCTION NO. 18**

## <u>OUTLINE OF TRIAL</u>

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 1.19.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**

_____
**Honorable R. Gary Klausner**
**United States District Judge**

**PROPOSED JURY INSTRUCTION NO. 19**

## STIPULATED TESTIMONY

The parties have agreed what [witness]'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 2.1.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**                **Honorable R. Gary Klausner**
                                            **United States District Judge**

**PROPOSED JURY INSTRUCTION NO. 20**

## **STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you].  You should therefore treat these facts as having been proved.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 2.2.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**          **Honorable R. Gary Klausner**
                                        **United States District Judge**

**PROPOSED JURY INSTRUCTION NO. 21**

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. {When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.}

The deposition of [witness] was taken on [date]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

{Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.}

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 2.4.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**          **Honorable R. Gary Klausner**
                                        **United States District Judge**

**PROPOSED JURY INSTRUCTION NO. 22**

## USE OF INTERROGATORIES OF A PARTY

Evidence [will ~~now~~ be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 2.10.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**            _____
                                          **Honorable R. Gary Klausner**
                                          **United States District Judge**

1 **PROPOSED JURY INSTRUCTION NO. 23**

2 <u>**EXPERT OPINION**</u>

3

4       Some witnesses, because of education or experience, are permitted to

5 state opinions and the reasons for those opinions.

6

7       Opinion testimony should be judged just like any other testimony.  You

8 may accept it or reject it, and give it as much weight as you think it deserves,

9 considering the witness's education and experience, the reasons given for the

10 opinion, and all the other evidence in the case.

11

12

13 **AUTHORITY:**

**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS**

14 **(2007), MODEL INSTRUCTION 2.11.**

15 **GIVEN AS REQUESTED: _____**

16 **GIVEN AS MODIFIED: _____**

17 **REFUSED: _____**

18 **WITHDRAWN: _____**

19 **DATED: _____, 2011**          **Honorable R. Gary Klausner**
                                                              **United States District Judge**

20

21

22

23

24

25

26

27

28

1  **PROPOSED JURY INSTRUCTION NO. 24**

2  <u>**CAUSATION; SUBSTANTIAL FACTOR**</u>

3

4       A substantial factor in causing harm is a factor that a reasonable person

5  would consider to have contributed to the harm. It must be more than a remote or

6  trivial factor.  It does not have to be the only cause of the harm.

7

8

9  **AUTHORITY:**

10  **JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS (SPRING 2011 UPDATE), INSTRUCTION 430.**  From notes: "The 'but for' test of the last optional sentence does not apply to concurrent independent causes, which are multiple forces operating at the same time and independently, each of which would have been sufficient by itself to bring about the same harm. (*Viner v. Sweet*, 30 Cal.4th 1232, 1240 (2003);  *Barton v. Owen*, 71 Cal.App.3d 484, 503–504 (1977); *see* Rest.2d Torts, §432(2)).  Accordingly, do not include the last sentence in a case involving concurrent independent causes."

14  **GIVEN AS REQUESTED:** _____

15  **GIVEN AS MODIFIED:** _____

16  **REFUSED:** _____

17  **WITHDRAWN:** _____

18  **DATED: _____, 2011**          _____
                                            **Honorable R. Gary Klausner**
19                                          **United States District Judge**

20

21

22

23

24

25

26

27

28

1  **PROPOSED JURY INSTRUCTION NO. 25**

2  <u>**CAUSATION; MULTIPLE CAUSES**</u>

3

4           A person's conduct may combine with another factor to cause harm. If

5  you find that either of defendants' conduct was a substantial factor in causing Ms.

6  Valois's harm, then that defendant (or both defendants if you find that both

7  defendants engaged in conduct that was a substantial factor in causing the harm) is

8  (or are) responsible for the harm. Defendants cannot avoid responsibility just

9  because some other person, condition, or event was also a substantial factor in

10  causing Ms. Valois's harm.

11

12

13

14  **AUTHORITY:**
   **JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**
   **(SPRING 2011 UPDATE), INSTRUCTION 431.**

15

16  **GIVEN AS REQUESTED: _____**

17  **GIVEN AS MODIFIED: _____**

18  **REFUSED: _____**

19  **WITHDRAWN: _____**

20  **DATED: _____, 2011          Honorable R. Gary Klausner**
                                         **United States District Judge**

21

22

23

24

25

26

27

28

33

**PROPOSED JURY INSTRUCTION NO. 26**

<u>**ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**</u>

The arguments of the attorneys are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

**AUTHORITY:**
**JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS (SPRING 2011 UPDATE), INSTRUCTION 3925.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**                **Honorable R. Gary Klausner**
                                              **United States District Judge**

1   **PROPOSED JURY INSTRUCTION NO. 27**

2   <u>**DAMAGES ON MULTIPLE LEGAL THEORIES**</u>

3

4   Valois [Name of plaintiff] seeks damages from [name of

5   defendant]SkyWest and McKelvey under more than one legal theory.  However,

6   each item of damages may be awarded only once, regardless of the number of legal

7   theories alleged.

8

9   You will be asked to decide whether [name of defendant] Defendants

10   SkyWest is is are liable to Valois [name of plaintiff] under the following legal

11   theories [list]:

12

13   1.   [e.g., breach of employment contract]Sexual harassment under

14   California law; and

15

16   2.   [e.g., wrongful termination in violation of public policy]Sexual

17   harassment under Federal law;

18

19   You will also be asked to decide if Defendant McKelvey is liable to

20   Valois under the following legal theories:

21

22   1.   [e.g., breach of employment contract]Sexual harassment under

23   California law;

24

25   2.   [e.g., wrongful termination in violation of public policy]Sexual

26   harassment under Federal law;

27   3.   [continue]. Sexual battery; and

28

4.      Sexual assault.

The following items of damages are recoverable only once under all of the above legal theories:

1.      [e.g., lost past income];Emotional distress; and

2.      [e.g., medical expenses];Medical expenses.

3.      [continue].

[The following additional items of damages are recoverable only once for [specify legal theories]:

1.      [e.g., emotional distress];

2.      [continue].

[Continue until all items of damages recoverable under any legal theory have been listed.]]

**AUTHORITY:**
**JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS (SPRING 2011 UPDATE), INSTRUCTION 3934.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**                    _____
                                                **Honorable R. Gary Klausner**
                                                **United States District Judge**

**PROPOSED JURY INSTRUCTION NO. 28**

## PUNITIVE DAMAGES-INDIVIDUAL DEFENDANT-TRIAL NOT BIFURCATED

If you decide that [*name of defendant*]Mr. McKelvey's conduct caused [*name of plaintiff*]Ms. Valois harm, you must decide whether that conduct justifies an award of punitive damages.  The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if [*name of plaintiff*]Ms. Valois proves by clear and convincing evidence that [*name of defendant*]Mr. McKelvey engaged in that conduct with malice oppression, or fraud.

"Malice" means that  [*name of defendant*]Mr. McKelvey acted with intent to cause injury or that [*name of defendant*]Mr. McKelvey's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.  A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that [*name of defendant*]Mr. McKelvey's conduct was despicable and subjected [*name of plaintiff*]Ms. Valois to cruel and unjust hardship in knowing disregard of [his/]her] rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that [*name of defendant*] Mr. McKelvey intentionally misrepresented or concealed a material fact and did so intending to harm [*name of plaintiff*]Ms. Valois.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.  If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a)     How reprehensible was [*name of defendant*]Mr. McKelvey's conduct? In deciding how reprehensible [*name of defendant*]Mr. McKelvey's conduct was, you may consider, among other factors:

1.     Whether the conduct caused physical harm;

2.     Whether [*name of defendant*] Mr. McKelvey disregarded the health or safety of others;

3.     Whether [*name of plaintiff*]Ms. Valois was financially weak or vulnerable and [*name of defendant*]Mr. McKelvey knew [*name of plaintiff*]Ms. Valois was financially weak or vulnerable and took advantage of [him/her/it];

4.     Whether [*name of defendant*]Mr. McKelvey acted with trickery or deceit.

(b)     Is there a reasonable relationship between the amount of punitive damages and [*name of plaintiff*]Mr. Valois's harm [or between the amount of punitive damages and potential harm to [*name of plaintiff*] that [*name of defendant*]Mr. McKelvey knew was likely to occur because of [his/her/its]-conduct]?

(c)     In view of [*name of defendant*]Mr. McKelvey's financial condition, what amount is necessary to punish [him/her/it] and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because [*name of defendant*]Mr. McKelvey has substantial financial resources. [Any award you impose may not exceed [*name of defendant*]Mr. McKelvey's ability to pay.]

**[Punitive damages may not be used to punish** [name of defendant] **for the impact of** [his/her/its] **alleged misconduct on persons other than** [*name of plaintiff*]**.]**

**AUTHORITY:**
**JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**
**(SPRING 2011 UPDATE), INSTRUCTION 3940.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**                    **Honorable R. Gary Klausner**
                                                   **United States District Judge**

39

1   **PROPOSED JURY INSTRUCTION NO. 29**

2   **<u>CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE</u>**

3

4   Certain charts and summaries not received in evidence [may be] [have

5   been] shown to you in order to help explain the contents of books, records,

6   documents, or other evidence in the case.  They are not themselves evidence or

7   proof of any facts.  If they do not correctly reflect the facts or figures shown by the

8   evidence in the case, you should disregard these charts and summaries and

9   determine the facts from the underlying evidence.

10

11

12   **AUTHORITY:**
     **NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS**
13   **(2007), MODEL INSTRUCTION 2.12.**

14   **GIVEN AS REQUESTED: _____**

15   **GIVEN AS MODIFIED: _____**

16   **REFUSED: _____**

17   **WITHDRAWN: _____**

18   **DATED: _____, 2011**          **Honorable R. Gary Klausner**
                                            **United States District Judge**
19

20

21

22

23

24

25

26

27

28

**PROPOSED JURY INSTRUCTION NO. 30**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 2.13.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**          **Honorable R. Gary Klausner**
                                                    **United States District Judge**

**PROPOSED JURY INSTRUCTION NO. 31**

## <u>DUTY TO DELIBERATE</u>

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

////

////

////

1         It is important that you attempt to reach a unanimous verdict but, of course,

2    only if each of you can do so after having made your own conscientious decision.

3    Do not change an honest belief about the weight and effect of the evidence simply to

4    reach a verdict.

5

6

7    **AUTHORITY:**

8    **NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 3.1.**

9    **GIVEN AS REQUESTED: _____**

10   **GIVEN AS MODIFIED: _____**

11   **REFUSED: _____**

12   **WITHDRAWN: _____**

13   **DATED: _____, 2011**      **Honorable R. Gary Klausner**
         **United States District Judge**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JURY INSTRUCTION NO. 32**

**<u>COMMUNICATION WITH COURT</u>**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**AUTHORITY:**
**NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS (2007), MODEL INSTRUCTION 3.2.**

**GIVEN AS REQUESTED: _____**

**GIVEN AS MODIFIED: _____**

**REFUSED: _____**

**WITHDRAWN: _____**

**DATED: _____, 2011**          **Honorable R. Gary Klausner**
                                      **United States District Judge**

44

1   **PROPOSED JURY INSTRUCTION NO. 33**

2   **<u>RETURN OF VERDICT</u>**

3

4        A verdict form has been prepared for you.  ~~[Any explanation of the~~

5   ~~verdict form may be given at this time.]~~  After you have reached unanimous

6   agreement on a verdict, your presiding juror will fill in the form that has been given

7   to you, sign and date it, and advise the court that you are ready to return to the

8   courtroom.

9

10

11   **AUTHORITY:**
     **NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS**

12   **(2007), MODEL INSTRUCTION 3.3.**

13   **GIVEN AS REQUESTED: _____**

14   **GIVEN AS MODIFIED: _____**

15   **REFUSED: _____**

16   **WITHDRAWN: _____**

17   **DATED: _____, 2011**            **Honorable R. Gary Klausner**
                                              **United States District Judge**

18

19

20

21

22

23

24

25

26

27

28

1  DATED: July 22, 2011          PAYNE & FEARS  LLP

2

3

4                              By:  _____/s/ Scott O. Luskin_____

5                                        Scott O. Luskin

6                              Attorneys for SkyWest Airlines

7

8  DATED: July 22, 2011          DYKEMA GOSSETT  LLP

9

10

11                             By:  _____/s/ Alex W. Craigie_____

                                        Alex W. Craigie

12                             Attorneys for Michael McKelvey

13

14  DATED: July 22, 2011          LAW OFFICE OF JEREMY FRIEDMAN

15

16

17                             By:  _____/s/ Jeremy Friedman_____

                                        Jeremy Friedman

18

19                             Attorneys for Denise Valois

20

21  4822-4528-1802.7

22

23

24

25

26

27

28