**DYKEMA GOSSETT LLP**
ALEX W. CRAIGIE, SBN: 167766
acraigie@dykema.com
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850
Attorneys for Defendant
MICHAEL MCKELVEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE VALOIS,<br><br>Plaintiff,<br><br>vs.<br><br>SKYWEST AIRLINES, a corporation; MICHAEL MCKELVEY, an individual,<br><br>Defendants. | Case No. CV10-02030 RGK (JCx)<br><br>**DEFENDANT MCKELVEY'S REPLY TO OPPOSITION TO MOTION IN LIMINE NO. 4 TO PRECLUDE EVIDENCE OF INCIDENTS OR DISCIPLINE CITED IN MCKELVEY'S PERSONNEL FILE OR OTHER RECORDS UNRELATED TO SEXUAL HARASSMENT**<br><br>Trial Date: August 9, 2011<br>Time: 9:00<br>Place: Courtroom 850 |

Defendant Michael McKelvey ("McKelvey") submits this reply to Plaintiff's opposition to McKelvey's motion in limine no. 4 to preclude evidence or reference, at any time in the jury's presence, to any incident and/or discipline cited in McKelvey's SkyWest personnel file or other records that did not involve an allegation of sexual harassment.

## I. INTRODUCTION

Valois seeks to introduce evidence from McKelvey's personnel file of prior incidents and disciplinary actions that are wholly unrelated to sex- or gender-

motivated behavior, and which have no probative value whatsoever to her claims of sexual harassment, assault, and battery. The evidence she seeks to introduce includes comments in McKelvey's personnel file that he "had some problems showing up to work late," and that he had "an attitude;" observations by Valois and others that McKelvey allegedly abused drugs, texted while flying, and failed to maintain his flight handbook; an incident where McKelvey allegedly expressed anger towards a hotel clerk in an unprofessional manner; and an incident where he failed to review flight documentation and "ended up piloting the wrong aircraft." (Plaintiff's Opp., p.4:2-3; p.5:1-5).

Valois asserts that introduction of the evidence should be permitted: (1) to enable the jury to take McKelvey's job performance into account when evaluating SkyWest's resolution of Valois' sexual harassment complaint; (2) to show that SkyWest failed to take reasonable steps to prevent sexual harassment from occurring or to discipline McKelvey; (3) to somehow affect the credibility of McKelvey's assertion that he chose not to report Valois' harassing behavior because he was "not in a (sic) good status" with the company; and (4) to prove Valois' actions were reasonable. But the evidence is irrelevant, inadmissible character evidence that is not probative of the issue whether McKelvey sexual harassed, assaulted, or battered Valois. Such evidence should be excluded.

I.  ARGUMENT

A. **Whether McKelvey Was In Good Standing With SkyWest, Based on Behavior Wholly Unrelated to Sexual Harassment, is Not In Any Way Probative of McKelvey's Conduct Toward Valois.**

Evidence is not relevant unless it tends to make a fact of consequence to the action more or less probable. Fed.R.Evid. 401. Evidence of McKelvey's timeliness, demeanor, and job performance does not tend to make it more or less probable that he sexually harassed, assaulted, or battered Valois. It is character evidence that could only serve to unfairly prejudice McKelvey by exciting the jury to make a decision based on factors wholly unrelated to the issues in dispute. *See* Fed.R.Evid. 404; *see also, Glover v. Oppleman*, 178 F.Supp.2d 622, 632 (W.D. Va. 2001) ("Prejudice is 'unfair' when it will excite a jury to make a decision on the basis of a factor unrelated to the issues properly before it."). Further, whether SkyWest considered McKelvey's job performance during its investigation of Valois' complaint is not probative of whether it conducted a reasonable investigation of her allegations, nor does it transform otherwise irrelevant character evidence into admissible evidence.

B. **Whether SkyWest Disciplined McKelvey For Conduct Wholly Unrelated to Sexual Harassment Is Not Relevant To Any Issue in This Case.**

Valois asserts that SkyWest had a "pattern of issuing ineffective warnings and then failing to follow through with its threats of discipline." (Plaintiff's Opp., p.4:18-19). But the conduct on which Valois bases this claim was not motivated by sex- or gender-based bias. It was simply angry, unprofessional conduct toward a hotel clerk.[1]

---

[1] It likely bears note in passing that there is no suggestion that the hotel clerk toward which McKelvey

1  It is inadmissible character evidence. *See* Fed.R.Evid. 404. Character evidence
2  distracts the trier of fact from the question of what actually happened on the occasion
3  in question and invites the jury to reward the good man and punish the bad.
4  Fed.R.Evid. 404 (Advisory Committee Notes); *see also, United States v. Crawley*,
5  533 F.3d 349, 353 (5th Cir. 2008). Evidence that McKelvey was angered and behaved
6  unprofessionally toward a hotel clerk is not evidence that he sexually harassed
7  Valois. Nor is evidence that SkyWest failed to discipline McKelvey for behaving
8  unprofessionally towards a hotel clerk evidence that it ratified sexual harassment.
9  This unfairly prejudicial evidence of unrelated conduct should be excluded.

### C. Valois Should Not Be Permitted to Introduce Evidence of McKelvey's Prior Unrelated Conduct and Disciplinary Actions to Explain the Meaning Behind McKelvey and MacFarlane's Statement.

Valois claims she should be permitted to introduce evidence of McKelvey's prior unrelated conduct to explain what McKelvey and McFarlane meant when they wrote that McKelvey chose not to complain about Valois' harassment because he was "not in a (*sic*) good status" with the company. (Plaintiff's Opp., p.5:13-21). If McKelvey's employment record were squeaky clean, such evidence might serve to discredit his statement and might be admissible for impeachment purposes. But evidence that McKelvey engaged in prior disciplinable conduct and had negative remarks in his personnel file does not contradict his statement. Valois should be precluded from explaining what was meant by casting McKelvey as a drug addicted, reckless pilot who not only texts while flying but pilots the wrong aircraft.

---

allegedly acted unprofessionally was a female.

### D. Whether SkyWest Was Aware of McKelvey's "Employment Infractions" is Not Probative of The Reasonableness of Valois' Beliefs.

Valois claims that she "reasonably believed SkyWest was aware of these employment infractions;" that McKelvey had already been disciplined; and that such discipline did not effect any change in McKelvey's employment status or behavior. (Plaintiff's Opp., p.6:19-22). But whether Valois' beliefs were reasonable or not hinges on the information available to her when she formulated the beliefs. Confirmation, after the fact, that her beliefs were accurate is not proof that they were reasonable at the time.

## III. CONCLUSION

Because the evidence is irrelevant, inadmissible character evidence that would cause unfair prejudice, McKelvey respectfully requests the Court issue an *in limine* order precluding evidence of, or reference to, any incident and/or discipline cited in McKelvey's SkyWest personnel file or other records that did not involve an allegation of sexual harassment.

Dated: August 1, 2011         DYKEMA GOSSETT LLP


                              By: *Alex W. Craigie*
                                  Alex W. Craigie
                                  Attorneys for Defendant
                                  MICHAEL MCKELVEY

# EXHIBIT 1

Page 102

1  Q. And you only met with Denise face to
2  face -- well, strike that.
3       Denise was the only person you met
4  face-to-face in connection with this investigation,
5  the only witness, correct?
6       MS. STAMBELOS: Misstates the testimony,
7  assumes facts not in evidence.
8       MR. CRAIGIE: Join.
9       THE WITNESS: As I recall, she was the
10 only witness I interviewed face to face.
11 Q. (BY MR. FRIEDMAN) What did you mean when
12 you wrote text messages demonstrate that they were
13 pretty friendly?
14 A. I believe I wrote that down as one of the
15 points that I felt lent credibility to the claim that
16 they had a sexual relationship or a friendly
17 relationship of some kind.
18 Q. And that lent credibility to Denise's
19 story and undermined Mike's story, correct?
20      MS. STAMBELOS: Misstates the testimony,
21 calls for speculation.
22      THE WITNESS: I'm not sure I would go that
23 far with that issue, but it -- it was something that
24 I felt lent credibility to there being a relationship
25 between those two.

Page 103

1  Q. (BY MR. FRIEDMAN) Who was claiming there
2  was a relationship between those two as between those
3  two?
4  A. Denise.
5  Q. Okay. In Mike McKelvey's production of
6  documents which just received -- which I just
7  received today right at the commencement of your
8  deposition, for July 8, 2008, Mike writes: "Kelly
9  said she saw text messages in her phone that at least
10 showed you two had a very friendly relationship."
11 Does that sound accurate?
12 A. I don't remember the exact words I used,
13 but I -- it is very likely, and that makes sense that
14 I would have touched on that issue.
15 Q. And you did see Denise's text messages,
16 correct?
17 A. I saw the transcript of the text messages
18 that she provided during the investigation.
19 Q. And during the interview she brought her
20 phone and she said I have my phone; I can show you my
21 text messages, right?
22 A. Sitting here today, I don't remember her
23 actually showing me text messages on her telephone.
24 Q. Do you recall asking to see it?
25 A. I remember asking her for text messages on

Page 104

1  her phone, or the transcription of them. I don't
2  remember whether or not she actually showed them to
3  me at our meeting together.
4  Q. Do you recall whether you asked to see
5  them during your meeting together?
6  A. I know I asked for them. I don't recall
7  if I asked to see them, but I may have.
8  Q. Do you remember -- do you recall her
9  saying to you I have my phone if you want to look at
10 these text messages, and you saying, well, we'll get
11 to that later?
12 A. I don't remember that specifically, no.
13 Q. If you had an issue with whether or not
14 the text messages said what she said they said, would
15 you have asked to see them then?
16      MS. STAMBELOS: Calls for speculation,
17 incomplete hypothetical, assumes facts not in
18 evidence.
19      THE WITNESS: I don't recall having an
20 issue with it during our interview with her.
21 Q. (BY MR. FRIEDMAN) Do you have any reason
22 to doubt the transcription of the test messages that
23 she provided to you, the accuracy?
24      MS. STAMBELOS: Calls for speculation,
25 lacks foundation.

Page 105

1       MR. CRAIGIE: Join.
2       THE WITNESS: The investigation that I
3  conducted was based on the facts that were gathered.
4  Q. (BY MR. FRIEDMAN) Let's listen to the
5  question again, see if I can get an answer to the
6  question.
7       MR. CRAIGIE: Objection, argumentative.
8       (Reporter reads back question: "Do you
9       have any reason to doubt the transcription
10      of the test messages that she provided to
11      you, the accuracy?")
12      MR. CRAIGIE: Objection. Lacks
13 foundation, calls for speculation.
14      MS. STAMBELOS: Join.
15      MR. CRAIGIE: Overbroad.
16      THE WITNESS: I can't think of a reason
17 sitting here today.
18 Q. (BY MR. FRIEDMAN) Do you recall --
19      MS. STAMBELOS: I'm sorry. Before you ask
20 another question, two things. Can we take a quick
21 break, because Phyllis would like to join? I'd like
22 to talk to you about Laralee Anderson. So can we
23 take a quick break? Just be really fast.
24      MR. FRIEDMAN: Well, if we can get Phyllis
25 on the phone. I don't want to take any breaks. I

# PROOF OF SERVICE

*Denise Valois. v. SkyWest Airlines; Michael McKelvey*
USDC Central District of California, Case No. CV10-02030 RGK (JCx)

I am over the age of 18 and not a party to the within action. I am employed in the County of Los Angeles, State of California by Dykema Gossett LLP. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On August 1, 2011, I served the foregoing document described as Defendant McKelvey's Reply to Opposition to Motion in Limine No. 4 to Preclude Evidence of Incidents or Discipline Cited in McKelvey's Personnel File or Other Rercords Unrelated To Sexual Harassment on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| **Patricia Stambelos, Esq.**<br>SKYWEST AIRLINES<br>444 South River Road<br>St. George, UT  84790<br>Telephone:  (818) 584-0011<br>Facsimile:   (805) 277-3598<br>Patricia.stambelos@skywest.com | *Associate Counsel for Defendant*<br>*SKYWEST AIRLINES* |
| **Scott Luskin, Esq.**<br>PAYNE & FEARS, LLP<br>801 S. Figueroa Street, Suite 1150<br>Los Angeles, California  90017<br>Telephone:  (213) 439-9911<br>Facsimile:   (213) 439-9922<br>sol@paynefears.com | *Lead counsel for defendant*<br>*SKYWEST AIRLINES, INC.* |
| **Phyllis Kupperstein, Esq.**<br>PAYNE & FEARS, LLP<br>801 S. Figueroa Street, Suite 1150<br>Los Angeles, California  90017<br>Telephone:  (213) 439-9911<br>Facsimile:   (213) 439-9922<br>pk@paynefears.com | *Lead counsel for defendant*<br>*SKYWEST AIRLINES, INC.* |
| **Jeremy L. Friedman, Esq.**<br>Attorney at Law<br>2801 Sylhowe Road<br>Oakland, California  94602<br>Telephone:  (510) 530-9060<br>Facsimile:   (510) 530-9087<br>jlfried@comcast.net | *Lead counsel for plaintiff,*<br>*DENISE VALOIS* |

**BY MAIL**: I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary

course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

☐ **(BY ELECTRONIC MAIL)** By consent of recipients listed on the attached service list, I caused the above-named document to be served via e-mail.

☒ **BY ELECTRONIC SERVICE**: By E-filing and transmission of the above-listed document on all parties via the CM/ECF system with the U.S. District Court, Central District of California.

☐ **BY FACSIMILE**: I caused the attached documents to be transmitted to the interested party in this action by faxing a true copy from facsimile telephone number (213) 457-1850. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

☐ **BY PERSONAL SERVICE**: I delivered such envelope by hand to the offices of the addressee.

☐ **BY OVERNIGHT COURIER**: Via Federal Express.

☒ (Federal) I declare that I employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 1, 2011, at Los Angeles, California.

/s/ Karen Votava
Karen Votava

PAS01\215024.1
ID\AWC - 101360/0003

7

REPLY IN SUPPROT OF MCKELVEY'S MOTION IN LIMINE NO. 4 TO PRECLUDE INCIDENTS/DISCIPLINE NOT RELATED TO SEXUAL HARASSMENT