**DYKEMA GOSSETT LLP**
ALEX W. CRAIGIE, SBN: 167766
acraigie@dykema.com
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850
Attorneys for Defendant
MICHAEL MCKELVEY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE VALOIS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SKYWEST AIRLINES, a corporation;<br>MICHAEL MCKELVEY, an individual,<br><br>　　　　Defendants. | Case No. CV10-02030 RGK (JCx)<br><br>**DEFENDANT MCKELVEY'S REPLY TO OPPOSITION TO MOTION IN LIMINE NO. 11 TO PRECLUDE USE OF THE TERM "RAPE" AT ANY TIME IN PRESENCE OF JURY**<br><br>Trial Date:　August 9, 2011<br>Time:　　　9:00<br>Place:　　　Courtroom 850 |

Defendant Michael McKelvey ("McKelvey") submits this reply to Plaintiff's opposition to McKelvey's motion in limine no. 11 to preclude, at any time in the jury's presence, use of the term "rape" to describe or otherwise refer to McKelvey's alleged interactions with plaintiff Denise Valois ("Plaintiff").

## I. ARGUMENT

### A. There Should Be No Use of the Terms "Rape," "Date Rape," "Rape Survivor," "Rape Trauma Syndrome" Or Similar Terms Unless and Until *After* Evidence Has Been Introduced Which Supports The Use of These Terms To Describe McKelvey's Conduct or Plaintiff's Condition.

In response to Plaintiff's opposition to McKelvey's motion, McKelvey amends the relief he seeks to an order prohibiting the use of any term or phrase containing the word "rape" unless and until competent evidence has been introduced that some kind of rape indeed occurred, or that Plaintiff's condition or damages fit the diagnosis of "rape trauma syndrome" or make her a "rape survivor."

Plaintiff's opposition makes clear that her counsel intends to inject this label, or diagnoses containing the label, into evidence as early and often as possible. If, as she argues, it would be unfair to prohibit her from using the term, it will be equally unfair and prejudicial to McKelvey to allow Plaintiff to use the term, or some derivative, before there is competent evidence that rape is indeed what occurred, or that Plaintiff really suffered "rape trauma syndrome" or something similar. If the Court does not impose this limit on Plaintiff, there is a real danger the jury will be contaminated by hearing outlandish, inflammatory labels and remarks that, in the end, do not accurately reflect the events or Plaintiff's true condition. By this time, it will be too late to "unring the bell."

Again courts have repeatedly cautioned against the improper introduction of this word or derivatives thereof. *See, e.g., People v. Bledsoe*, 36 Cal.3d 236, 251, fn.14 (1984) (use of term 'rape trauma syndrome' "likely to mislead the jury into inferring that such a classification reflects a scientific judgment that the witness was, in fact, raped."); *Cotton v. City of Eureka*, 2010 WL 5154945, *11 (N.D. Cal.) (precluding inflammatory terms such as "rape").

MCKELVEY'S REPLY TO OPPOSITION TO MOTION IN LIMINE NO. 11 TO PRECLUDE USE OF THE TERM "RAPE"

Thus, the Court should issue an order prohibiting Plaintiff and her counsel from using the term "rape" or any derivative at any time—including opening statement—unless and until it is first shown that rape is what occurred.

## CONCLUSION

For the foregoing reasons, McKelvey respectfully requests the Court grant his motion in limine no. 11 to preclude use of the term "rape" or any derivative thereof until competent evidence is admitted that this is what in fact occurred and/or that Plaintiff indeed suffered from this condition.

Dated: August 1, 2011               DYKEMA GOSSETT LLP


                                    By: *Alex W. Craigie*
                                    John L. Viola
                                    Alex W. Craigie
                                    Attorneys for Defendant
                                    MICHAEL MCKELVEY

## PROOF OF SERVICE

*Denise Valois. v. SkyWest Airlines; Michael McKelvey*
USDC Central District of California, Case No. CV10-02030 RGK (JCx)

I am over the age of 18 and not a party to the within action. I am employed in the County of Los Angeles, State of California by Dykema Gossett LLP. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On August 1, 2011, I served the foregoing document described as Defendant McKelvey's Reply to Opposition to Motion in Limine No. 11 to Preclude Use of the Term "Rape" At Any Time in Presence of Jury on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| **Patricia Stambelos, Esq.**<br>SKYWEST AIRLINES<br>444 South River Road<br>St. George, UT 84790<br>Telephone: (818) 584-0011<br>Facsimile: (805) 277-3598<br>Patricia.stambelos@skywest.com | *Associate Counsel for Defendant*<br>*SKYWEST AIRLINES* |
| **Scott Luskin, Esq.**<br>PAYNE & FEARS, LLP<br>801 S. Figueroa Street, Suite 1150<br>Los Angeles, California 90017<br>Telephone: (213) 439-9911<br>Facsimile: (213) 439-9922<br>sol@paynefears.com | *Lead counsel for defendant*<br>*SKYWEST AIRLINES, INC.* |
| **Phyllis Kupperstein, Esq.**<br>PAYNE & FEARS, LLP<br>801 S. Figueroa Street, Suite 1150<br>Los Angeles, California 90017<br>Telephone: (213) 439-9911<br>Facsimile: (213) 439-9922<br>pk@paynefears.com | *Lead counsel for defendant*<br>*SKYWEST AIRLINES, INC.* |
| **Jeremy L. Friedman, Esq.**<br>Attorney at Law<br>2801 Sylhowe Road<br>Oakland, California 94602<br>Telephone: (510) 530-9060<br>Facsimile: (510) 530-9087<br>jlfried@comcast.net | *Lead counsel for plaintiff,*<br>*DENISE VALOIS* |

**BY MAIL**: I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such

1   correspondence is deposited with the United States Postal Service the same day that it is collected.

2

3   ☐ **(BY ELECTRONIC MAIL)** By consent of recipients listed on the attached service list, I caused the above-named document to be served via e-mail.

4

5   ☒ **BY ELECTRONIC SERVICE**: By E-filing and transmission of the above-listed document on all parties via the CM/ECF system with the U.S. District Court, Central District of California.

6

7   ☐ **BY FACSIMILE**: I caused the attached documents to be transmitted to the interested party in this action by faxing a true copy from facsimile telephone number (213) 457-1850. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

8

9

10  ☐ **BY PERSONAL SERVICE**: I delivered such envelope by hand to the offices of the addressee.

11

12  ☐ **BY OVERNIGHT COURIER**: Via Federal Express.

13

14  ☒ (Federal) I declare that I employed in the office of a member of the bar of this court at whose direction the service was made.

15      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

17      Executed on August 1, 2011, at Los Angeles, California.

18

19                                                    _____
                                                          Karen Votava
20  PAS01\215033.1
    ID\AWC - 101360/0003

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071