**DYKEMA GOSSETT**
ALEX W. CRAIGIE, SBN: 167766
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850
acraigie@dykema.com
Attorneys for Defendant
MICHAEL MCKELVEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE VALOIS<br><br>Plaintiff,<br><br>vs.<br><br>SKYWEST AIRLINES, a corporation AND MICHAEL MCKELVEY, an individual<br><br>Defendants. | Case No. CV10-02030 RGK (JCx)<br><br>Hon. R. Gary Klausner<br><br>**DEFENDANT MCKELVEY'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO STAY ACTION; DECLARATION OF ALEX W. CRAIGIE**<br><br>Trial Date: October 4, 2011<br>Time: 9:00 a.m.<br>Courtroom: 850 |

Defendant Michael Mckelvey ("McKelvey") hereby opposes the ex parte application of Plaintiff Denise Valois for order staying action and continuing trial.

## **INTRODUCTION**

Trial of this matter has already been continued once.[1] There is absolutely no need or reason for the Court to continue it again. While McKelvey and his counsel readily concede it was unfortunate that this Court was not notified of McKelvey's

---

[1] Trial was originally set to begin August 9th. The undersigned counsel learned on August 3rd that he had suffered a retinal detachment which required emergency surgery. This Court graciously continued the trial until October 4th to accommodate counsel's surgery and recovery.

bankruptcy case filing, and the matter not stayed at that time,[2] another continuance is absolutely unnecessary for justice to be done.

It is true that McKelvey's bankruptcy has been discharged, and such discharge acts as an injunction barring Plaintiff from further pursuing her sexual harassment, assault and battery claims against McKelvey. However, there is nothing to prevent this Court from continuing to exercise jurisdiction over this case and going forward with trial as presently scheduled on October 4th. If, as Plaintiff suggests, she wishes to claim that her claims are not dischargeable, this Court is empowered to, and frankly *should* adjudicate the issue of dischargeability now, without the delay and waste of judicial resources *another* continuance will surely entail. For the reasons set forth below, McKelvey respectfully requests the Court deny Plaintiff's application for a stay and continuance.

## BACKGROUND

McKelvey filed a Chapter 7 bankruptcy petition on June 7, 2011. Plaintiff was not listed as creditor in the schedule of the bankruptcy petition. The bankruptcy proceeding constituted a <u>no asset case</u>, meaning that there was no property available to pay creditors. (*See* Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines) ("There does not appear to be any property available to the trustee to pay creditors. You therefore should not file a proof of claim at this time.") (Ex. 1.) Accordingly, no deadline to file proofs of claims was scheduled. *Id.* ("If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim.") A meeting of the creditors was held on July 11, 2011. McKelvey was granted a discharge on September 13, 2011 and the bankruptcy case

---

[2] McKelvey, through separate bankruptcy counsel, filed his bankruptcy case on June 7, 2011. McKelvey's counsel of record in this case had no notice of the filing until the mandatory settlement conference, held on September 22, 2011. (*See* Craigie Declaration, para. 1).

was closed soon after on September 20, 2011.

## ARGUMENT

### I. THIS COURT CAN AND SHOULD DETERMINE DISCHARGEABILITY *NOW*, WITHOUT A STAY OR CONTINUANCE.

This Court has jurisdiction to determine dischargeability. District courts have original jurisdiction over Title 11 of the United States Code (the "Bankruptcy Code"). 28 U.S.C. §1334. The district court in which the creditor's claims are pending is the proper venue to adjudicate the issue of dischargeability. *In re Johnson*, 395 B.R. 442, 447 (E.D. Cal. 2008). Similarly, when a creditor's claims are pending in state courts, the bankruptcy court should abstain and the state court should use its concurrent jurisdiction to determine whether the debt at issue is nondischargeable. *See, In re Franklin*, 179 B.R. 913, 917 (Bankr. E.D. Cal. 1995).

This Court already has jurisdiction over the parties and it is a proper venue for adjudication of dischargeability. The parties are well prepared for trial. There is simply no need to delay further and waste valuable judicial resources by halting the instant case for Plaintiff to file a separate adversary proceeding in the bankruptcy court.

In fact, as more fully set forth *infra*, the dischargeability question requires the Court to determine whether Plaintiff has met her burden of proving that McKelvey's actions were "willful and malicious." By virtue of having already presided over this case for well over a year, this Court is amply familiar with the factual allegations. If the Court grants Plaintiff's application and she takes the dischargeability issue to the bankruptcy court, it will require a *new* judge to learn the facts and take evidence, much the same of which must ultimately be heard by this Court anyway when it

presides over Plaintiff's claims against Defendant SkyWest Airlines, Inc. ("SkyWest"). Such a duplication of efforts and waste of judicial resources is just unnecessary.[3] The Court should deny the application for stay and continuance.

## II. PROOF OF UNTIMELY NOTICE *ALONE* IS INSUFFICIENT TO ESTABLISH NONDISCHARGEABILITY.

Plaintiff's claims against McKelvey are presumed to have been discharged by the bankruptcy proceedings. Section 727 of Title 11 (the "Bankruptcy Code") provides that "[e]xcept as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from *all* debts that arose before the date of the order for relief under this chapter..." 11 U.S.C. § 727 (emphasis added).

If she desires to further pursue her claims against McKelvey, Plaintiff must prove an exception to discharge under Section 523 of the Bankruptcy Code. Section 523 provides, in part, that:

> "[a] discharge under section 727... does not discharge an individual debtor from any debt...
>
> (3) neither listed nor scheduled...in time to permit
>
> * * *
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]"

11 U.S.C. § 523. Paragraphs (2), (4), and (6) of 11 U.S.C. § 523(a) describe debts arising from fiduciary misconduct, fraud, and *the commission of willful and malicious*

---

[3] The fees claimed by Plaintiff's counsel for bringing this case to trial are already substantial. Additional, unnecessary delay will not benefit any of the parties, only their counsel. The individual parties have already been on a year-long emotional rollercoaster and, understandably, want their day in court.

*torts.* Specifically, 11 U.S.C.§ 523(a)(6) refers to "willful and malicious injury by the debtor to another entity or to the property of another entity."

If Plaintiff does not establish by a preponderance of the evidence that her claims arise out the commission of a willful and malicious tort, her claims are barred by the discharge granted in Plaintiff's Chapter 7 no asset case regardless of whether the Plaintiff received timely notice of the bankruptcy. *In re Beezley*, 994 F.2d 1433, 1434 (9th Cir. 1992)

A "willful" injury is a "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *In re Su*, 290 F.3d 1140, 1143 (9th Cir.2002). "A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Id.* at 1146–47. Plaintiff must show "the debtor's actual knowledge or the reasonable foreseeability that his conduct will result in injury to the [Plaintiff]." *In re Britton*, 950 F.2d 602 (9th Cir. 1991).

Contrary to the bald suggestion, in Plaintiff's application, that "[c]ase law is clear that claims for assault and sex harassment will not be discharged by the Chapter 7 bankruptcy petition" (Plaintiff's application, p.2:21-22), this or any Court will need to decide whether the "willful and malicious" requirement has been met based on *evidence*, not mere pleadings. *See, e.g., In re Topakas,* 202 B.R. 850, 861 (E.D. Pa. 1996) ("The testimony elicited at trial . . . make it clear that the Debtor's actions toward the Plaintiff were committed willfully and maliciously"); *In re Porter*, 375.B.R. 822, 826 (B.A.P. 8th Cir. 2007) (collateral estoppel of willful and malicious finding based on jury verdict on punitive damages); *In re Sotelo*, 179 B.R. 214 (Bankr. S.D. Cal. 1995).

Again, this Court has jurisdiction to adjudicate the dischargeability issue and it is best equipped to do so now, without wasting judicial or other resources. Requiring two separate courts to decide many of the same factual and evidentiary issues is unnecessarily duplicative. Plaintiff's application should be denied.

## CONCLUSION

Plaintiff's proposed stay and trial continuance would produce nothing but an unnecessary delay of these proceedings. This Court is empowered to determine the issue of dischargeability, without which Plaintiff's claims against McKelvey are barred. Therefore, this Court should deny Plaintiff's application for a stay and instead adjudicate the issue of dischargeability.

Dated: October 2, 2011
DYKEMA GOSSETT LLP

By: *Alex W. Craigie*
Alex W. Craigie
Attorneys for Defendant
Michael McKelvey

# DECLARATION OF ALEX W. CRAIGIE

Alex W. Craigie declares:

I am over the age of 18. I am an attorney licensed to practice in the State of California and before the United States District Court for the Central District of California. I am a Member in the law firm of Dykema Gossett, LLP, counsel of record for Defendant Michael McKelvey in the case entitled *Denise Valois v. SkyWest Airlines, Inc., et al.* I have personal knowledge and if called would testify competently to the following facts:

1. I have been representing Defendant Michael McKelvey since the inception of this action. On September 22, 2011, at the mandatory settlement conference ordered by this Court, I learned for the first time that my client, through another counsel, had filed a Chapter 7 bankruptcy case in approximately June, 2011. I further learned that the bankruptcy had been discharged on or about September 13, 2011. The following day, I confirmed that the bankruptcy case had been closed.

2. As I do not regularly practice in the bankruptcy courts, I spent the following several days determining the appropriate manner in which to inform this Court and the parties of the bankruptcy filing and discharge. Concurrently, I was working full-time to prepare this case to begin trial on October 4, 2011. On September 27, 2011, I filed a notice to the Court of both the bankruptcy case filing and the discharge.

3. Attached as Exhibit 1 to this Opposition is a true and correct copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.

7

OPPOSITION TO EX PARTE APPLICATION FOR STAY AND TO CONTINUE TRIAL

4. I respectfully request the Court deny the requested stay and continuance.

I declare under penalty of perjury that the foregoing facts are true and that this declaration was executed on the 2nd day of October, 2011, in Los Angeles, California.

*Alex W. Craigie*
Alex W. Craigie

PAS01\224514.1
ID\AWC - 101360/0003

B9A (Official Form 9A) (Chapter 7 Individual or Joint Debtor No Asset Case) (12/10)

| UNITED STATES BANKRUPTCY COURT | Central District Of California |
|---|---|
| **Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines** | |

A Chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on June 7, 2011.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at **U. S. Bankruptcy Court, 1415 State Street, Santa Barbara, CA 93101-2511**

NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**See Reverse Side For Important Explanations**

| Debtor(s) (name(s) and address):<br>Michael J. McKelvey<br>1306 Calle Bonita<br>Camarillo, CA 93012 | Case Number:<br>9:11-bk-12689-RR |
|---|---|
| All other names used by the Debtor(s) in the last 8 years (include married, maiden and trade names):<br>Debtor:<br>Joint Debtor: | Last four digits of Social Security or Individual Taxpayer-ID (ITIN) No(s)./Complete EIN:<br>Dbt SSN: 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 |
| Attorney for Debtor(s) (name and address):<br>Lenelle C Castille<br>100 E Thousand Oaks Blvd Ste 229<br>Thousand Oaks, CA 91360<br>Telephone number: 805-557-2770 | Bankruptcy Trustee (name and address):<br>Sandra McBeth (TR)<br>2236 S. Broadway, Suite J<br>Santa Maria, CA 93454<br>Telephone number: (805) 922-0313 |

**Meeting of Creditors**

Date: July 11, 2011    Time: 01:30 PM
Location: 128 East Carrillo St., Santa Barbara, CA 93101

**Presumption of Abuse under 11 U.S.C. § 707(b)**

See *"Presumption of Abuse"* on the reverse side
The presumption of abuse does not arise.

**Deadlines**

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: September 9, 2011
Deadline to Object to Exemptions:** Thirty (30) days after the *conclusion* of the meeting of creditors.

**Creditors May Not Take Certain Actions**

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

**Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So**

**Creditor with a Foreign Address**

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office:<br>1415 State Street,<br>Santa Barbara, CA 93101-2511<br>Telephone number: 805-884-4800 | For the Court:<br>Clerk of the Bankruptcy Court:<br>Kathleen J. Campbell |
|---|---|
| Hours Open: 9:00 AM - 4:00 PM | Date: June 9, 2011 |
| (Form rev. 12/10:341-B9A) | |

024561

6610402458501 8

Exhibit 1, Page 9

| EXPLANATIONS | | B9A (Official Form 9A)(12/10) |
|---|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. | |
| Legal Advice | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. | |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. | |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. | |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. *The trustee is designated to preside at the meeting of creditors. The case is covered by the Chapter 7 blanket bond on file with the Court.* | |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. | |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code § 727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must file a complaint or a motion if you assert the discharge should be denied under § 727(a)(8) or (a)(9) in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that deadline. | |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. | |
| Proof of Debtor Identification (ID) and Proof of Social Security Number (SSN) | The U.S. Trustee requires that individual debtors must provide to the trustee at the meeting of creditors an original picture ID and proof of SSN. Failure to do so may result in the U.S. Trustee bringing a motion to dismiss the case. Permissible forms of ID include a valid state driver's license, government or state-issued picture ID, student ID, military ID, U.S. Passport or legal resident alien card. Proof of SSN includes Social Security Card, current W-2 form, pay stub, IRS Form 1099, Social Security Administration Report, or other official document which indicates name and SSN. | |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the **U. S. Bankruptcy Court, 1415 State Street, Santa Barbara, CA 93101-2511**. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office at the address listed above. | |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. | |
| Failure to File a Statement and/or Schedule(s) | **IF THE DEBTOR HAS NOT FILED A STATEMENT AND/OR SCHEDULE(S) AND/OR OTHER REQUIRED DOCUMENTS**, the debtor must do so, or obtain an extension of time to do so, within 14 days of the petition filing date. Failure to comply with this requirement, or failure to appear at the initial Section 341(a) meeting of creditors and any continuance thereof, may result in dismissal of the case, unless leave of court is first obtained. If the debtor's case has not already been dismissed, AND DEBTOR FAILS TO DO ONE OF THE FOLLOWING WITHIN 45 DAYS AFTER THE PETITION DATE, subject to the provisions of Bankruptcy Code section 521(i)(4), the Court WILL dismiss the case effective on the 46th day after the petition date without further notice: (1) file all documents required by Bankruptcy Code section 521(a)(1); or (2) file and serve a motion for an order extending the time to file the documents required by this section.<br>**SI EL DEUDOR NO HA PRESENTADO UNA DECLARACIÓN Y/O LISTA(S) DE ACREEDORES Y/U OTROS DOCUMENTOS REQUERIDOS**, tendrá que hacerlo dentro de un plazo de 14 días a partir de la fecha de presentación de la petición o tendrá que obtener una extensión del plazo para hacerlo. Si no cumple usted este requisito, o si no comparece a la junta 341(a) inicial de acreedores o a cualquier aplazamiento, esto resultará en que se declare sin lugar el caso, a menos de que obtenga un permiso del tribunal. Si no se ha declarado sin lugar el caso del acreedor, Y EL ACREEDOR NO HACE UNA DE LAS SIGUIENTES COSAS DENTRO DE UN PLAZO DE 45 DÍAS A PARTIR DE LA FECHA DE LA PETICIÓN, de acuerdo con lo dispuesto en la sección 521(i)(4) del Código de Quiebras, el juez DECLARARÁ el caso sin lugar a partir de el 46o día después de la fecha de presentación de petición sin más notificación: (1) registrar en actas todos los documentos que requiere la sección 521(a)(1) del Código de Quiebras; o (2) registrar y hacer entrega formal de una moción para pedir una orden que extienda el tiempo en que se pueden registrar en actas los documentos que requiere dicha sección. | |
| Bankruptcy Fraud and Abuse | Any questions or information relating to bankruptcy fraud or abuse should be addressed to the Fraud Complaint Coordinator, Office of the United States Trustee, 21051 Warner Center Lane, Suite 115, Woodland Hills, CA 91367. | |
| -- Refer to Other Side for Important Deadlines and Notices -- | | |

024561      6610402458501 8

FormCACB 105 (AO:finmgtnotice)
(10/05)

**WARNING:** YOU WILL NOT RECEIVE A DISCHARGE UNLESS YOU TAKE THE REQUIRED PERSONAL FINANCIAL MANAGEMENT COURSE AFTER YOU FILE BANKRUPTCY AND FILE OFFICIAL FORM 23 CERTIFYING THAT YOU COMPLETED THIS COURSE.

**ADVERTENCIA:** NO RECIBIRÁ UNA DESCARGA DE BANCARROTA A MENOS QUE TOME EL CURSO REQUERIDO DE ADMINISTRACIÓN DE FINANZAS PERSONALES DESPUES DE PRESENTAR SU BANCARROTA Y PRESENTE EL FORMULARIO OFICIAL 23 CERTIFICANDO QUE HA CUMPLIDO CON ESTE CURSO.

## United States Bankruptcy Court
## Central District Of California

1415 State Street, Santa Barbara, CA 93101-2511

## NOTICE OF REQUIREMENT TO FILE A STATEMENT OF COMPLETION OF COURSE IN PERSONAL FINANCIAL MANAGEMENT
### (Official Form 23)

**DEBTOR(S) INFORMATION:**
Michael J. McKelvey
SSN: xxx-xx-1184
EIN: N/A

1306 Calle Bonita
Camarillo, CA 93012

**BANKRUPTCY NO.** 9:11-bk-12689-RR
**CHAPTER** 7

Notice is hereby given that, subject to limited exceptions, a debtor must complete an instructional course in personal financial management in order to receive a discharge under chapter 7 (11 U.S.C. § 727). Pursuant to Rule 1007(b)(7) of the Interim Rules of Bankruptcy Procedure, the debtor(s) must complete and file Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management (Official Form 23)* as described in 11 U.S.C. § 111. To view a list of approved providers of Personal Financial Management Instructional Course, go to http://www.justice.gov/ust/eo/bapcpa/ccde/cc_approved.htm.

Debtor(s) and/or debtor(s)' attorney is/are hereby notified that Official Form 23 must be filed before a discharge can be entered. Debtor(s) and/or debtor(s)' attorney is/are hereby notified that the debtor(s) must file Official Form 23 within 60 days after the first date set for the meeting of creditors under § 341. Failure to file the certification will result in the case being closed without an entry of discharge. If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the Official Form 23, the debtor(s) must pay the full reopening fee due for filing the motion.

This is **not** the same form as the Certificate of Credit Counseling that you may have filed at the beginning of your case. This is a **different** form. A copy of the Official Form 23 is included with this notice. Additional copies of the Official Form 23 can be obtained at www.cacb.uscourts.gov.

Dated: June 9, 2011

BY THE COURT,
**Kathleen J. Campbell**
Clerk of Court

*NOTE: Official Form 23 (Debtor's Certification of Completion of PostPetition Instructional Course Concerning Personal Financial Management) must be filed by every individual debtor in a chapter 7, chapter 11 in which § 1141(d)(3) applies, or chapter 13 case. If a joint petition is filed, each spouse must complete and file a separate certification. See Fed.R.Bank.P.1007(b).

## THE OFFICIAL FORM 23 IS ATTACHED

(Form rev. 01/11 – definmgt) VAN-105

6 / MAG

024561

6610402458502 7

THIS PAGE IS LEFT BLANK INTENTIONALLY

024561    66104024585027

Form B23 (Official Form 23) – (12/10)     2010 USBC, Central District of California

**United States Bankruptcy Court**
**Central District Of California**

| In re: Michael J. McKelvey | CHAPTER NO.: 7 |
|---|---|
| Debtor(s). | CASE NO.: 9:11–bk–12689–RR |

# DEBTOR'S CERTIFICATION OF COMPLETION
# OF POSTPETITION INSTRUCTIONAL COURSE CONCERNING
# PERSONAL FINANCIAL MANAGEMENT

*Every individual debtor in a chapter 7, chapter 11 in which § 1141(d)(3) applies, or chapter 13 case must file this certification. If a joint petition is filed, each spouse must complete and file a separate certification. Complete one of the following statements and file by the deadline stated below:*

☐ I, _____ , the debtor in the above–styled case, hereby certify that on
    (Print Name of Debtor)

_____ . I completed an instructional course in personal financial management provided by
  (Date)

_____ , an approved personal financial management provider.
  (Name of Provider)

Certificate No. (if any): _____

☐ I, _____ , the debtor in the above–styled case, hereby certify that no
    (Printed Name of Debtor)

personal financial management course is required because of: *[Check the appropriate box.]*

   ☐   Incapacity or disability, as defined in 11 U.S.C. § 109(h);

   ☐   Active military duty in a military combat zone; or

   ☐   Residence in a district in which the United States trustee *(or bankruptcy administrator)* has determined that the approved instructional courses are not adequate at this time to serve the additional individuals who would otherwise be required to complete such courses.

Date _____     Signature of Debtor: _____

*Instructions:* Use this form only to certify whether you completed a course in personal financial management. (Fed. R. Bankr. P. 1007(b)(7).) Do NOT use this form to file the certificate given to you by your prepetition credit counseling provider and do NOT include with the petition when filing your case.

*Filing Deadlines:* In a chapter 7 case, file within 60 days of the first date set for the meeting of creditors under § 341 of the Bankruptcy Code. In a chapter 11 or 13 case, file no later than the last payment made by the debtor as required by the plan or the filing of a motion for a discharge under § 1141(d)(5)(B) or § 1328(b) of the Code. (see Fed. R. Bankr. P. 1007(c).)

024561     6610 4024 585036     Exhibit 1, Page 13

SAT-66104 0973-9 b9a 11-12689
Lenelle C Castille
100 E Thousand Oaks Blvd Ste 229
Thousand Oaks, CA 91360

024561 24561 1 AB 0.365 93012 9 5 6773-1-24561

Michael J. McKelvey
1306 Calle Bonita
Camarillo, CA 93012-4107

024561       66104024585036